[Civ. No. 8240.   Third Dist.   Dec. 1, 1953.]

HARRY C. ROUNDS, Appellant, v. HARRY BROWN, Respondent.

Pease & Lally for Appellant.

Gerald M. Desmond for Respondent.

VAN DYKE, P. J.—This is an appeal from a judgment notwithstanding a jury verdict rendered in favor of plaintiff. Appellant, as plaintiff below, was injured on September 9, 1949, through the alleged negligent action of respondent Brown, a police officer of the city of Sacramento. Appellant had been charged with violation of section 502 of the California Vehicle Code and was injured while being held in custody responsive to that charge. After his injury he pleaded guilty to the charge and was sentenced to pay a fine or to serve a specified jail term. He served out the jail sentence and within 90 days after his release he presented to and filed with respondent Brown his claim of negligent injury. He then began this action. In his complaint he named as defendants the respondent, and three fictitious defendants, making no service, however, as to any of the three.

By his complaint appellant alleged that Brown was at the time appellant received his injuries ''a qualified and acting police officer of the City of Sacramento . . . engaged in the performance of his assigned duties as a police officer and acting within the scope and terms of said employment.'' It was further alleged that on the 4th day of May, 1950, the plaintiff's claim had been presented to the respondent, but in this connection it was further alleged that from the time the injuries had been received and until within 90 days of the presentation of said claim plaintiff had been imprisoned on a criminal charge. The motion for judgment notwithstanding the verdict was granted by the trial court upon the ground that the failure of the plaintiff to present his claim to the respondent within 90 days of the injury was fatal to his action.

The argument in support of the appeal falls into two main classifications: 1. That since the action was not against the city and was solely brought against the respondent officer of the city, the provisions of section 1981 of the Government Code were not applicable. This section requires presentation of a claim for negligent injury to a public officer or employee claimed to be liable, within 90 days after injury. 2. That, assuming those provisions to be applicable, still the claim was

presented in time because the imprisonment of appellant rendered him incapable of presenting his claim and extended his time to do so.  ▮  Since the opening brief of appellant was filed, the Supreme Court handed down an opinion in the case of *Ward* v. *Jones,* 39 Cal.2d 756 [249 P.2d 246], which, in conjunction with certain cases which preceded it, is decisive against appellant in respect of his first contention. In *Veriddo* v. *Renaud,* 35 Cal.2d 263 [217 P.2d 647], it was said at page 265 that by section 1981 ''the Legislature has extended to public officers and employes, who incur liability in the performance of government service, the protection of a claims statute and the privilege of having defended at public expense those damage suits which are enumerated'' in the code.  In *Huffaker* v. *Decker,* 77 Cal.App.2d 383 [175 P.2d 254], it was held that the failure of the plaintiff therein to allege compliance with the claim provisions of section 1981 was fatal to his cause of action.  In *Ward* v. *Jores, supra,* a painter employed in the Department of Water and Power in the city of Los Angeles was killed through contact with high tension wires carried on a tower which he was engaged in painting.  His widow and minor children brought action against certain fellow employees whom they charged with negligence in requiring decedent to work under unsafe conditions.  A claim was filed with the city clerk, but the complaint did not allege any such claim was presented to or served upon the defendants.  It was held that, notwithstanding the city was not a party to the action, and that therefore the complaint did not depend in any sense upon the doctrine of respondeat superior, still the presentation of a claim to the individuals involved was a prerequisite, and the failure to present such a claim prior to action brought and within the time limited by said section 1981 was fatal to the cause of action.  On the authority of the cases referred to we hold that for the failure to present a claim to the respondent officer within the time required by said section 1981 appellant's action must fail unless the specially-pleaded matter of his incarceration sufficiently excuses his failure to comply with the time provisions of that section.

▮  Contending that the incarceration of plaintiff excuses his late presentation of his claim, appellant argues that section 352 of the Code of Civil Procedure applies.  This section provides:

''If a person entitled to bring an action, mentioned in chapter three of this title, be, at the time the cause of action accrued, . . . imprisoned on a criminal charge, or in execution

under the sentence of a criminal court for a term less than for life; . . . the time of such disability is not a part of the time limited for the commencement of the action.''

This section is concerned solely with defining disabilities which toll those time limitations for beginning actions which are provided in the sections contained in the preceding chapter referred to. Thus section 352 declares that the time during which one is imprisoned on a criminal charge is not to be considered as a part of the time limited for the commencement of an action such as appellant brought here, that is, an action to recover for injury caused by the wrongful act or neglect of another. (Code Civ. Proc., § 340.) But section 352 does not affect the provisions of section 1981 of the Government Code, which section, insofar as time limitations are concerned, has to do solely with the period of time within which after an injury a claim must be presented to the public officer or employee claimed to be liable for that injury. Appellant's imprisonment tolled the statute limiting the time for beginning his action, but it did not toll the statute limiting the time within which he must present his claim. Appellant argues further that the failure of appellant to present his claim in time was due to his imprisonment, which, in turn, was caused by the very tort which is the basis of the action brought. Says appellant: ''This is so as defendant at the time of the entry of his plea of guilty to a violation of Vehicle Code Section 502 had the necessary money to pay the alternative fine, but because of his injury and consequent inability to work would not have been able to sustain himself had he used his limited funds to pay the alternative fine.'' Appellant relies on *Schulstad* v. *City & County of San Francisco,* 74 Cal.App.2d 105 [168 P.2d 68], holding that the time for presentation of claim did not run while the claimant was mentally incapable of presenting his claim due to the injuries he had suffered. But this case and other cases, such as *Farrell* v. *County of Placer,* 23 Cal.2d 624 [145 P.2d 570, 153 A.L.R. 323], holding that there can be equitable estoppel preventing a defendant from urging the failure to present a claim in time, all have no application to appellant's case since they must be distinguished on their facts. Here respondent did not imprison appellant nor cause his imprisonment; appellant elected to undergo that imprisonment rather than to use his available funds to pay his fine. Furthermore, the injury which the appellant charges respondent inflicted upon him did not render him incapable of

pursuing his remedies. It was not shown that the method of imprisonment was such as to prevent appellant from presenting his claim and taking any other needful action. Finally, no conduct of respondent after the injury, such as urging delay in the prosecution of appellant's remedies, was here present as in the Farrell case.

The judgment appealed from is affirmed.

Peek, J., and Schottky, J., concurred.