BETTY L. REINHARDT *v.* CITY OF NEW HAVEN ET AL.

SUPERIOR COURT       NEW HAVEN COUNTY       FILE NO. 91042
                     AT NEW HAVEN

322

Memorandum filed October 18, 1961

*Jacobs, Jacobs, Jacobs & Jacobs,* of New Haven, for the plaintiff.

*Howard F. Zoarski,* of New Haven, for defendant Katherine G. Mauro, administratrix.

*George W. Crawford, Thomas F. Keyes, Jr., A. Fred Mignone* and *Harold M. Mulvey,* of New Haven, for the named defendant.

SHAPIRO, J.   The amended complaint is in two counts.   The first is against the administratrix of the estate of the deceased fireman-operator of the fire truck involved in the alleged collision with the plaintiff's vehicle.   The second count is against the city of New Haven on the claim that the decedent was acting in the scope of his employment as a fireman of the city and that his acts were not wilful or wanton.   The claim for damages is singular in that it appears only at the end of the second count without particular reference to either defendant; it states that "the plaintiff claims $60,000 damages." The fireman-operator whose claimed negligence is the basis for this action died at the time of the accident.

The action against the city is predicated on General Statutes § 7-308, entitled "Assumption of liability for damage caused by firemen."   The action

against the estate is based on the claimed negligent conduct of the decedent fireman. The administratrix has demurred on the ground that § 7-308 requires notice of intention to sue to be filed personally with the now deceased fireman and that there is no provision in said statute for the survival of an action against the estate of a deceased fireman. The city's demurrer alleges that the complaint fails to allege that notice of intention to sue was "filed upon the fireman, Charles V. Mauro, himself, . . . as required by . . . section 7-308 . . ."; that service was made on the administratrix of the fireman's estate; that this statute imposes an obligation upon the city to save harmless "a fireman in life, who could be served personally with notice . . ."; that the city is not a proper party here and cannot be liable; that the defense of governmental immunity precludes liability on the city; that this statute only applies where the fireman personally and not his estate is given notice and sued; and finally that the claim for damages is "not specific against whom it is claimed."

The real argument of both defendants is that since this is a statutory cause of action, it must be so strictly construed as to require notice to be given directly and personally to the fireman himself and not to the legal representative of his estate. It is true that § 7-308, supra, contains no provision for service except upon the fireman himself. However, the plaintiff contends that § 52-599, entitled "Survival of actions and causes of actions," must be read in conjunction with § 7-308 in order that the purpose of the latter not be defeated.

The statute, § 7-308, provides an indemnity to a paid or volunteer fireman of a municipality for all sums which he becomes obligated to pay by reason of the liability imposed upon him by law for damage to person or property occurring while he is acting

in the performance of his fire duties. The statute does not, however, provide any indemnity if the occurrence was the result of a wilful or wanton act of the employee. In order for the plaintiff in this case to establish the liability of the city under § 7-308, she must prove compliance with the requirements of the statute as to demand and notice and that the conduct of the employee of which she complains was not wilful or wanton.

In the interpretation of statutes in general, a literal construction has but a prima facie preference. To arrive at the real meaning, it is always necessary to take a broad view of the act and to get an exact conception of its scope and purpose. It is a cardinal rule of statutory interpretation that the construction must, if possible, be such as will effect the real purpose for which the statute was enacted. *Merchants Bank & Trust Co.* v. *Pettison,* 112 Conn. 652, 655. Turning to § 52-599, it clearly states that no cause or right of action shall be lost or destroyed by the death of any person, but shall survive in favor of or against the executor or administrator of such deceased person. In construing the language of this statute, the court said that the survival of actions is the rule and not the exception, and the presumption is that every cause or right of action survives until the contrary is made to appear by way of exception to the rule. The phrase "right of action" includes the right to commence and maintain an action. *Pickett* v. *Ruickoldt,* 91 Conn. 680, 683. To hold that our statute permitted a recovery in case a party was injured but denied that recovery in case he was killed would be contrary not only to established practice but to a common sense of justice. *Porpora* v. *New Haven,* 122 Conn. 80, 97. Thus, personal injury actions have been allowed and brought against estates of decedent tort-feasors for many years. To hold that the death of the claimed

tort-feasor in this case, albeit a fireman, should vitiate the purpose intended by § 7-308, as claimed by these defendants, would be contrary to the legislative intent and a common sense of justice. To carry out the legislative intent of § 7-308, one must read with it the language and intent of § 52-599. This court cannot subscribe to the defendants' theory that only a live fireman was intended protection by § 7-308, while a fireman who dies in the line of duty would have his surviving family and estate subjected to no protection. As is persuasively argued by the plaintiff, to make sense, § 7-308 must be read in conjunction with § 52-599, for it would not be expected that the survival of actions statute would have to be appended literally to every statute allowing a recovery due to liability. The defendants' theory that death, as in this case, removes a right of action against a fireman's estate, where the accident in issue resulted in his death, would indeed make the meaning of the statute untenable. The court construes § 7-308 as meaning that a cause of action against a fireman and a municipality is not limited to a living fireman but extends to his executor or administrator in case he dies, as in the case at hand.

All of the grounds of both demurrers are without merit for the reasons already given. In addition, the last ground of the city's demurrer, that the claim for damages is "not specific against whom it is claimed," is also without merit. The claim for damages, as alleged, is clearly directed against both defendants and follows forms in the Practice Book and our common procedure. It is possible that the evidence may disclose that the occurrence was the result of a wilful or wanton act of Charles V. Mauro, the fireman-operator, in which event the city could not be held under § 7-308, while the decedent's estate could be held liable. In either event,

the plaintiff could recover no more than the amount of the ad damnum from either defendant, or, in the event that both defendants are held liable, no more than the amount claimed could be recovered.

Both demurrers are overruled on all the grounds contained therein and for the reasons given.