JOHN ROSMANN, d/b/a ROSMANN REALTY COMPANY, appellant, v. LOIS M. LAWLER, individually and as executrix of estate of T. Edward Lawler, deceased, et al., appellees.

No. 51756.

(Reported in 136 N.W.2d 513)

JULY 29, 1965.

Smith & Hanson, of Emmetsburg, for appellant.

Whitesell Law Firm, of Iowa Falls, for appellees Lois M. Lawler, executrix, and Lois M. Lawler.

Lundy, Butler, Wilson & Hall, of Eldora, and Hutchison, Hurst & Duggan, of Sioux City, for appellees William R. Bishop and Kathleen Bishop.

GARFIELD, C. J.—██ Plaintiff's law action to collect the amount of a real-estate broker's commission was ordered dismissed under rule 215.1, Rules of Civil Procedure, for failure to try it within the time fixed by the rule. Plaintiff undertook to appeal from the order by filing a notice of appeal stating, so far as now material, "plaintiff has appealed and does hereby appeal from the adverse ruling of the trial court and from all adverse rulings of the trial court in connection with such matter."

On March 22, 1965, two of the four defendants moved to dismiss the appeal on the ground, so far as necessary to consider,

1294

the notice of appeal does not "specify * * * the decree, judgment, order or part thereof appealed from", as required by rule 336, R. C. P. On April 9 we overruled the motion without stating reasons or filing an opinion. Defendants have renewed their challenge to our jurisdiction because of insufficiency of the notice of appeal in the respect indicated. Further consideration has satisfied us the challenge should be sustained and the appeal dismissed.

■ Although we regret some effort and expense have been expended in connection with the appeal since April 9—plaintiff's counsel, however, did not appear to argue the appeal orally—it is our duty to correct our prior ruling when found to be wrong. Goecke v. Schoel, 257 Iowa 504, 506, 132 N.W.2d 481, 482, and citation. '

This notice does not materially differ from the one held fatally insufficient in State v. Fees, 250 Iowa 163, 164, 93 N.W. 2d 103, 104, an attempted appeal from a conviction for breaking and entering. That notice contained the caption of the case and recited, "COMES now the defendant and appeals from each and every adverse ruling in the above entitled cause." Section 793.4, Codes 1958, 1962, which governs the notice of appeal in criminal cases, is less definite than is rule 336, R. C. P., in requiring the notice to specify the judgment or order appealed from.

The Fees opinion holds: "The notice here does not describe or identify the final judgment. The rule is that a notice of appeal must sufficiently describe or specify the judgment or order appealed from." It is true failure of the notice to describe or specify the judgment or order appealed from is not the principal basis for dismissing the Fees appeal but it is one ground therefor.

■ Other Iowa decisions contain language like that quoted from State v. Fees. Pilkington v. Potwin, 163 Iowa 86, 94, 95, 144 N.W. 39, 43, says, "The judgment must be sufficiently referred to in the notice to identify the judgment." Cheyney v. Board of Supervisors, Iowa, 222 N.W. 899, 900, states, "* * * to confer jurisdiction on this court, the judgment from which appeal is taken must be specifically pointed out."

The rule that prevails in Iowa seems to be the one generally

recognized. "As a general rule, the notice or citation should * * * describe the judgment, order, or decree appealed from so as to identify it sufficiently." 4 Am. Jur.2d, Appeal and Error, section 319, page 805. "* * * the notice of appeal must always sufficiently describe or specify the judgment or order appealed from, so as to leave no doubt as to its identity." 4A C. J. S., Appeal and Error, section 593(6), page 340.

■ We have held several times that the parties cannot by appearance, consent or waiver confer jurisdiction on this court. Harden v. Illinois Cent. R. Co., 254 Iowa 426, 429, 118 N.W.2d 76, 78; Cheyney v. Board of Supervisors, supra, Iowa, 222 N.W. 899, 901, and citations; Merrill v. Timbrell, Iowa, 95 N.W. 237, 238.

■ We note that the only action of the trial court designated a ruling is the "Ruling on Motion for Summary Judgment" which plaintiff filed. That ruling is of course interlocutory and no appeal could be taken from it without grant of permission from us under rule 332, Rules of Civil Procedure.

Although it is of course dictum, we will say for the benefit of plaintiff and his counsel that if the appeal were to be considered on the merits we would affirm the order of dismissal at least as to defendant Mrs. Lawler, individually and as executrix of the estate of her deceased husband. The Lawlers owned the property in question. We may say further it would seem difficult for plaintiff to prove his case against defendants Bishops who purchased the property.—Appeal dismissed.

All JUSTICES concur except MASON and RAWLINGS, JJ., who take no part.