CITY OF BOULDER CITY, a MUNICIPAL CORPORATION, APPELLANT, *v.* GORDON W. MILES AND DOROTHY H. MILES, HUSBAND AND WIFE, AND PORTER–BATCHELOR CONSTRUCTION COMPANY, A CO–PARTNERSHIP CONSISTING OF JOHN BATCHELOR, J. D. PORTER AND C. DELL PORTER, RESPONDENTS.

No. 5583

January 29, 1969          449 P.2d 1003

*George E. Franklin, Jr.,* of Las Vegas, for Appellant.

*Foley Brothers,* of Las Vegas, for Respondents Gordon W. Miles and Dorothy H. Miles.

*Calvin C. Magleby,* of Las Vegas, for Respondent Porter-Batchelor Construction Company. .

## OPINION

By the Court, MOWBRAY, J.:

This appeal comes to us on an agreed statement, signed by counsel. NRCP 76. Two of the respondents, Gordon W. Miles and Dorothy H. Miles, hereinafter referred to as "Mileses," were awarded judgment against the appellant, City of Boulder City, hereinafter referred to as "City," for $9,548.20 plus interests and costs. Respondent Porter-Batchelor Construction Company, hereinafter referred to as "Porter-Batchelor," recovered judgment against City on its cross claim for $37,976.89 plus costs.

The facts are these: City purchased a tract of land from the United States Government and subdivided the property into residential lots, which were sold at public auction on August 23, 1962. In subdividing the tract, it was necessary for City to grade extensively and compact intensively the soil. The final soil compaction test was completed on July 5, 1961. Porter-Batchelor purchased several of the lots at the time of the auction. Later, in September 1962, Porter-Batchelor agreed in writing with Mileses to construct a house on one of the lots, for Mileses' residence. The home was finished on January 28, 1963, and Mileses moved in several days later.

In the latter part of February 1963, the walls of the house commenced cracking. Repairs were attempted by Porter-Batchelor, but to no avail. The cracks became larger and the walls separated. Mileses advised City officials orally on April 4, 1963, of the damage to their home, which they asserted was due to the faulty compaction of the lot by City. City's manager inspected the damages to the home. He engaged a soil-testing firm to investigate Mileses' complaint and report to

City's council at its regular meeting on June 24, 1963. All the parties attended the meeting, but they could not reach a settlement agreement.

On this appeal we are not concerned with the question of fault nor with the amount of damages awarded. Our sole concern is whether the city claim statute, NRS 268.020, precludes liability of City to the respondents. That statute provides in part that all claims against an incorporated city must be presented to the city council in writing within 6 months from the time the acts from which the claim originated shall occur. Mileses did file a written claim with City, but City urges that the claim was not timely filed. As to Porter-Batchelor, the question is whether, in the context of this case, the claim statute applies at all.

Mileses filed their written claim with City on August 23, 1963, and it was rejected. Thereafter, on December 12, 1963, they commenced this suit against City and Porter-Batchelor as defendants. As against City, they sought to recover damages occasioned by the faulty compression of the soil. As against Porter-Batchelor, they sought declaratory relief—that they were no longer obliged to pay that company pursuant to the home purchase contract. It is, of course, permissible to couple coercive and declaratory relief. Dredge Corp. v. Wells Cargo, Inc., 80 Nev. 99, 389 P.2d 394 (1964); Annot., 155 A.L.R. 501 (1945). See also Nevada Management Co. v. Jack, 75 Nev. 232, 338 P.2d 71 (1951).

City responded by denying liability, mainly on the premise that Mileses did not file their claim within the 6-months time limit provided by the claim statute. Porter-Batchelor responded by denying liability to Mileses, and by cross claim against City requested that, should the court declare that Mileses were no longer obliged to pay Porter-Batchelor on the home purchase contract, then Porter-Batchelor should be given judgment against City for the balance due on that contract.

As already indicated, the court found that City was responsible for the damage sustained by Mileses, declared that Mileses were no longer obligated on their contract of purchase to Porter-Batchelor, and gave Porter-Batchelor judgment on its cross claim against City for the balance due upon the Miles-Porter-Batchelor contract.

We turn to discuss the claim statute issue with respect to each respondent.

1. As between Mileses and City: City argues that, since Mileses have predicated their complaint for damages on City's failure to compact their lot properly, their claim must fall, because they did not present it in writing within 6 months after July 5, 1961, which was the last date City worked on the lots. In support of this position, City relies upon NRS 268.020, which states in part that the written claim must be presented within 6 months from the time the acts from which the claim originated shall happen.

It is the contention of Mileses that the 6-month period commenced to run when the actual damages were first incurred, rather than when the acts causing damage took place. We agree.

It is true that in most cases damages caused by the wrongful act of another occur contemporaneously with the wrongful act. But it is also true that no one has a claim against another without having incurred damages. And the reason for the rule is quite clear. Though an act may endanger the person or property of another, no actionable wrong is committed if the danger is averted. It is only the *injury* to a person or the *damage* to property arising from a wrongful or negligent act which constitutes an invasion of a personal right protected by law and, therefore, an actionable wrong. A cause of action accrues only when the forces wrongfully put in motion produce an injury. Otherwise, in certain cases, as in this case, a purported cause of action might be barred before liability arose. Adams v. Arkansas City, 362 P.2d 829 (Kan. 1961); Durant v. Grange Silo Co., 207 N.Y.S.2d 691 (N.Y.App. 1960); City of Los Angeles v. McNeil, 326 P.2d 29 (Cal.App. 1958); City of Amarillo v. Gray, 304 S.W.2d 742 (Tex.App. 1957); Harper-Turner Oil Co. v. Bridge, 311 P.2d 947 (Okla. 1957); Great Am. Indem. Co. v. Lapp Insulator Co., 125 N.Y.S.2d 147 (N.Y.App. 1953); Schmidt v. Merchants Despatch Transp. Co., 200 N.E. 824 (N.Y. 1936); Annot., 104 A.L.R. 450 (1936).

Since Mileses did present their written claim to City within 6 months after the damage to their home was incurred, we hold that the claim was presented timely.

2. As between Porter-Batchelor and City: Porter-Batchelor had no claim to assert against City, since it was protected by its contract with Mileses for the construction costs of the

home built for Mileses. It was not until the court in the instant case declared that Mileses were not obliged to pay Porter-Batchelor pursuant to that contract that Porter-Batchelor sustained damage by reason of City's fault in not properly compacting the lot on which the home was built. Porter-Batchelor protected itself in the only way that it could—by filing a cross claim against the codefendant, City. Until the claim of Mileses for declaratory relief was adjudicated, it could not be known whether Porter-Batchelor had a claim over against City. It is our opinion that the claim statute, NRS 268.020, does not reach this particular situation.

The judgments below are affirmed.

COLLINS, C. J., ZENOFF, BATJER, and THOMPSON, JJ., concur.