Lena GRUENER, Appellant,

v.

CITY OF CEDAR FALLS, Iowa, et al., Appellees.

No. 54575.

Supreme Court of Iowa.

Sept. 9, 1971.

Christoffersen & Damsgaard, Cedar Falls, for appellant.

Beecher, Buckmaster, Beecher, Holmes & Lindeman, Waterloo, for appellees other than Blue.

Mosier, Thomas, Beatty, Dutton & Braun, Waterloo, for appellee Blue.

UHLENHOPP, Justice.

The main issue in this case is whether plaintiff's resistance to a motion for summary judgment was sufficient.

Plaintiff in the case, Lena Gruener, was a patient in the municipal hospital of Cedar Falls, Iowa, at the time of the incident in question. Defendants are the City of Cedar Falls, its hospital, the hospital administrator, the City's liability insurer, and plaintiff's attending physician. All defendants except the City and the physician were dismissed from the case in proceedings not involved here. The present appeal concerns plaintiff and the City only.

Plaintiff commenced the action on September 23, 1969. She alleges her cause in three divisions of the petition. In the first division she asks compensatory damages for personal injuries. This division is predicated on res ipsa loquitur—negligently allowing plaintiff to fall out of a hospital bed on May 22, 1968, when she was under heavy sedation. In the second division, plaintiff asks exemplary damages. Here plaintiff alleges that the City, the hospital, and the administrator maliciously refused to let her see her medical records but made them available to the liability insurer and the physician. In the third division plaintiff again asks exemplary damages, alleging that the City, the hospital, and the administrator maliciously made her medical records available to the other defendants and conspired to prevent her from having access to them.

The City answered and averred, among other defenses, that plaintiff did not commence her action within three months, as

required by what is now § 613A.5, Code, 1971. Plaintiff replied, alleging that the City intentionally concealed the facts from her for the specific purpose of setting up the statute of limitations and that such statute does not begin to run until defendants divulge to plaintiff the cause of her injuries.

The City then filed a motion for summary judgment stating that no notice was presented to it until this action was commenced (almost 16 months after the incident) and that the action against it is barred under the statute. Plaintiff, through her attorney, filed resistance, incorporating her pleadings and stating that the statute does not run until the City reveals the facts, that the statute is inapplicable because the City acted in a proprietary capacity, and that a factual dispute exists as to whether the statute of limitations has run.

At the hearing on the motion, the City established as a fact, by way of stipulation of the parties, that no 60-day notice was presented to it as prescribed by § 613A.5, supra.

The trial court sustained the motion, and plaintiff appealed.

Two legal problems are presented. Does § 613A.5 apply to tort actions against municipalities acting in a proprietary capacity? Is plaintiff's resistance to the motion sufficient in content?

I. *Scope of § 613A.5.* We need not decide whether a city acts in a governmental or proprietary capacity in operating a hospital. See Wittmer v. Letts, 248 Iowa 648, 80 N.W.2d 561; Annot., 25 A.L.R.2d 203. We will assume for present purposes that the function is proprietary. Does § 613A.5 apply to torts committed in a proprietary capacity?

The answer turns on the intention of the legislature, ascertained from the language of chapter 613A of the Code. Section 613A.5 is sweeping in its pertinent portion:

Every person who claims damages from any municipality for or on account of any wrongful death, loss or injury *within the scope of section 613A.2* shall commence an action therefor within three months, unless said person shall cause to be presented to the governing body of the municipality within sixty days after the alleged wrongful death, loss or injury a written notice stating the time, place, and circumstances thereof and the amount of compensation or other relief demanded. [Then follows a two-year limitation if the 60-day notice is given.] (Italics added.)

The question, therefore, is whether actions based on proprietary functions are "within the scope of section 613A.2". That section provides:

Except as otherwise provided in this Chapter [and none of the excepted claims are involved here], every municipality is subject to liability for its torts and those of its officers, employees, and agents acting within the scope of their employment or duties, *whether arising out of a governmental or proprietary function.* (Italics added.)

■ These two sections, read together, make plain that the special limitations in § 613A.5 apply to both governmental and proprietary operations of municipalities. Moreover, § 613A.2 uses the term "torts," and that term is defined in § 613A.1(3) as *"every* civil wrong". (Italics added.)

■ This interpretation is consistent with the general rule that statutes of limitation pertaining to actions against municipalities apply to both governmental and proprietary functions unless the statute otherwise provides. Collins v. Memphis, 16 F.Supp. 204 (W.D.Tenn.); Frasch v. New Ulm, 130 Minn. 41, 153 N.W. 121; Hirth v. Long Prairie, 274 Minn. 76, 143 N.W.2d 205. Not only does the present statute not provide otherwise, but it expressly covers functions of both kinds.

█ We hold the present claim against the City is within the scope of § 613A.5.

II. *Sufficiency of Resistance.* As to the second problem, this case, like most cases involving motions for summary judgment, turns on the sufficiency of the resistance to the motion rather than on the sufficiency of the motion itself. Cf. Sherwood v. Nissen, 179 N.W.2d 336 (Iowa).

The facts on which the motion itself was based were established beyond question: (a) the action is for personal injuries against a municipality, (b) no 60-day notice was presented to the municipality under § 613A.5, and (c) the action was commenced one day short of 16 months after the injury. With these facts established under the City's motion, plaintiff had to show that her action was not barred or suffer adverse judgment as to the City.

Involved here is the basic purpose of summary judgment procedure. Every trial court has on its docket some pleaded claims and defenses which are actually without substance and exist only on paper. To obviate the labor and expense of trial to expose those empty vessels, summary judgment procedure was conceived. By proper motion, a party can compel his adversary to come forth with specific facts which constitute competent evidence showing a prima facie claim or defense. Paper cases and defenses can thus be weeded out to make way for litigation which does have something to it.

The language of our rule on summary judgments is very strong. Rule 237(e), Rules of Civil Procedure. Affidavits cannot merely be based on what someone has reported to affiant: "Supporting and opposing affidavits shall be made on personal knowledge". Conclusions and beliefs are insufficient: "shall set forth such facts as would be admissible in evidence". The person making the statements must know whereof he speaks: "shall show affirmatively that the affiant is competent to testify to the matters stated therein." When the motion itself is substantiated, the opposing party cannot simply rely upon his pleadings, for the pleadings are the very instruments that the procedure is designed to pierce: "an adverse party may not rest upon the mere allegations or denials of his pleading". Neither can the opposing party assert only generalities in resistance: "his response, by affidavits or as otherwise provided in this rule, must set forth *specific facts* showing that there is a genuine issue for trial." (Italics added.)

██ The legal theory which plaintiff relies upon in order to avoid the bar of the statute of limitations is the doctrine of fraudulent concealment. If a person is unaware of his cause of action because the wrongdoer fraudulently conceals it from him, the statute of limitations does not run against him until he learns of the wrong or of facts placing him on inquiry. Pride v. Peterson, 173 N.W.2d 549 (Iowa); 54 C.J.S. Limitations of Actions § 206 at 219; 51 Am.Jur.2d Limitations of Actions § 147 at 717. We will assume arguendo that the doctrine applies to claims against municipalities. But see 51 Am.Jur.2d Limitations of Actions § 151 at 723. The doctrine is an exception to the general principle that ignorance of a cause of action "does not prevent the running of the statute or postpone the commencement of the period of limitation". 51 Am.Jur.2d Limitations of Actions § 146 at 715.

Although the courts are not in agreement, the fraudulent concealment doctrine has been applied in some jurisdictions to malpractice actions against physicians and hospitals. 41 Am.Jur. Physicians & Surgeons § 123 at 233; 40 Am.Jur.2d Hospitals & Asylums § 39 at 880. Thus if a surgeon commits an unauthorized or negligent act during surgery which he fraudulently conceals from the patient, some courts hold the statute of limitations does not commence to run until the patient discovers, or in the exercise of reasonable care should discover, the wrong. Annot., 80 A.L.R.2d 368, 400 et seq.

We think that the resistance here is insufficient under the summary judgment rule to bring the doctrine of fraudulent concealment into play. We doubt that plaintiff's resistance contains sufficient specific facts constituting admissible evidence to be an adequate response. But passing that question, the resistance is fatally defective in failing to state as a fact the time at which plaintiff learned that the City had negligently injured her. She discovered such information at some time. That is demonstrated by her petition, in which she alleges she was injured by the City's negligence. Did she make that discovery in time to give the 60-day notice under § 613A.5 or to sue within three months? Her resistance is silent on this point. She has failed to show a fact question existed as to the allegation that due to fraudulent concealment she could not timely give notice or sue. Hunter v. Hunter, 361 Mo. 799, 237 S.W.2d 100; 51 Am.Jur.2d Limitations of Actions § 147 at 719 ("one may not avoid the effect of the statute of limitations on the ground of fraudulent concealment where he neither pleads nor offers evidence as to when he discovered the alleged fraud"). A person cannot claim concealment, of course, if he has knowledge. 41 Am.Jur. Physicians & Surgeons § 123 at 234; 51 Am.Jur.2d Limitations of Actions § 148 at 720; 54 C.J.S. Limitations of Actions § 206(e) at 223–224.

That plaintiff may have been unaware of the details of the evidence to support her claim does not change the result. Moviecolor Limited v. Eastman Kodak Co., 288 F.2d 80 (2d Cir.); Phillips Petroleum Co. v. Johnson, 155 F.2d 185 (5th Cir.); Carr-Consolidated Biscuit Co. v. Moore, 125 F. Supp. 423 (M.D.Pa.); Moore v. Braniff Airways, 54 F.Supp. 422 (N.D.Tex.); Pettibone v. Cook County, 31 F.Supp. 881 (Dist.Minn.), aff'd, 120 F.2d 850 (8th Cir.); Kroll v. Vanden Berg, 336 Mich. 306, 57 N.W.2d 897; Weast v. Duffie, 272 Mich. 534, 262 N.W. 401; 54 C.J.S. Limitations of Actions § 206(e) at 224 ("It is not necessary that the party should know the details of the evidence by which to establish his cause of action; it is enough that he knows that a cause of action exists"). See also Ogg v. Robb, 181 Iowa 145, 162 N.W. 217.

The temptation in cases involving the summary judgment rule is to backslide and engage in the old practice of letting every litigant have a trial on his pleadings, whether or not his resistance to the motion measures up to the exacting standards of Rule 237. We cannot do that and still give meaningful effect to this salutary procedural innovation. Dean Joiner has admirably expressed the rationale of the rule, in Determination Of Controversies Without A Factual Trial, 32 Iowa L.Rev. 417, 426:

> Pleaded facts may lose their importance because of the summary means available to ascertain truth and to give to that disclosure the force and effect of pleading. * * * The motion for summary judgment is a sharp and pointed weapon to cut through the maze of frivolous denials. * * * By the use of the proceeding the necessity for trial will be made to depend on whether there are actually fact issues as disclosed by the sworn statement of persons having knowledge thereof. Trial will not depend on issues raised by conclusions of the pleader.

We hold plaintiff's resistance to the City's motion is insufficient.

As to the City, plaintiff's first division, claiming compensatory damages, must fall and with it her other divisions, claiming exemplary damages, also fall. Syester v. Banta, 257 Iowa 613, 133 N.W.2d 666; Sebastian v. Wood, 246 Iowa 94, 66 N.W.2d 841; Shannon v. Gaar, 234 Iowa 1360, 15 N.W.2d 257.

Affirmed.

All Justices concur.