**ST. JOSEPH HOSPITAL and the Sisters of the Third Order of St. Francis, Appellees,**

v.

**Byron E. PETERSON, M.D., Appellant.**

No. 54895.

Supreme Court of Iowa.

April 13, 1972.

Alanson K. Elgar, Mt. Pleasant, and Dailey, Dailey, Ruther & Bauer, Burlington, for appellant.

Walker, Concannon & Hendrickson, Keokuk, for appellees.

HARRIS, Justice.

Defendant claims a temporary injunction was illegally issued against him. At the time the writ issued, ex parte, plaintiffs sought only the temporary injunction. We dismiss the appeal.

The Sisters of the Third Order of St. Francis, Peoria, Illinois, operate St. Joseph's Hospital, Keokuk, Iowa. The order and hospital will be referred to as plaintiffs. They had contracted for radiology services with a Dr. Pumphrey prior to 1966 when defendant, also a radiologist, associated with him. Dr. Pumphrey had withdrawn from practice by November 1968. Thereafter defendant performed the radiology services for the plaintiffs under Dr. Pumphrey's contract.

The parties negotiated for a contract for the same services but failed to reach accord. During negotiations defendant continued the services. On January 13, 1969, defendant wrote a letter to the hospital administrator stating: "It is with regret that I must inform you that I will not be able to guarantee radiology services at St. Joseph's Hospital after February 10, 1969."

On May 6, 1970, defendant was informed by the hospital administrator that he was dismissed as radiologist for plaintiffs, effective May 31, 1970. Plaintiffs claimed to have secured the services of a different radiologist beginning June 1, 1970. Defendant refused to surrender the department on that date prompting plaintiffs to seek injunctive relief.

Defendant claims certain deficiencies in the original petition should now prompt us to reverse the trial court for ordering the writ to issue and for later refusing to dissolve it. One of the proper plaintiffs appears to have been omitted. The petition sought only a temporary injunction with no application or separate action that it be made permanent. These deficiencies had been remedied by October 15, 1970, when hearing was had on the defendant's

motion to dissolve the temporary injunction.

■ I. The propriety of the original issuance of the writ is to be determined as of the time of hearing on the motion to dissolve.

"It frequently happens that, after the commencement of suits for injunctive relief, changes take place in the conditions which give rise to the litigation, and the question is thus presented whether the suit should stand or fall upon the facts as they existed at the time it was brought, so as to exclude all consideration of subsequent changes or abandonment of the acts complained of. Generally speaking, it is the condition of things at the time of the hearing of the suit, rather than that existing at its commencement, which is material, and which furnishes the basis for relief. * * *." 42 Am.Jur.2d, Injunctions, section 6, page 733. See also 43 C.J.S. Injunctions section 252 c, page 998.

The early Iowa case Sweatt v. Faville, 23 Iowa 321, squarely held that a temporary injunction was properly left in effect notwithstanding defects in the original petition at the time the writ was issued. It was held that the court should take cognizance of an amended petition which supplanted the original.

II. In honesty it is difficult to reconcile cases dealing with appeals in temporary injunction cases. But text writers on the subject are quite uniform.

" * * * no appeal lies when the order does not finally dispose of the application upon its merits, or work irreparable injury to either of the parties * * *." 2 Spelling on Injunctions 963.

"A court of equity * * * does not exercise its jurisdiction for the purpose of discussing abstract or academic questions; and an appeal will not ordinarily be entertained from an injunctive order when the matter to which it relates is wholly passed and irrevocable * * *." 1 Joyce on Injunctions, section 375, page 575. See also

2 High on Injunctions, section 1693, page 1639.

For a more recent authoritative text see 42 Am.Jur.2d, Injunctions, section 346, page 1151:

"Unless a special right to appeal is expressly given by statute, an appeal will lie only from a definitive order, decree, or judgment which finally determines the action. Appeals from interlocutory orders are not ordinarily allowed. In accord with this view it is sometimes held that, in the absence of a controlling statutory provision, an order relating to a preliminary or temporary injunction is not of itself appealable. * * *."

See also 42 Am.Jur.2d, section 355, page 1166:

"An appellate court will ordinarily limit the scope of its review to the issues necessary to a proper disposition of the appeal, and will not consider immaterial or moot questions. The rule is, of course, applicable when reviewing decrees and orders relating to injunctions. A preliminary injunction, if granted, lasts only until a final decree is entered; it is merged in and does not survive the entry of a final decree. If, therefore, an appeal is taken from an order granting or denying a temporary injunction, and before the appeal is heard a final decree is entered by the trial court, the appeal will be dismissed as moot. * *."

■ III. This court has often held it will not decide moot questions.

"If we should consider this cause on its merits and disagree with the holding of the trial court, it is apparent no benefit to the * * * appellant could result. * * * (Citations) Nor is it material that no motion to dismiss has been made by the appellee. The record shows affirmatively that only a moot question is presented, and in such cases we decline to act." Nitta v. Kuda, 249 Iowa 853, 857, 89 N.W.2d 149, 151.

For cases applying this general principle to temporary injunction matters see James

v. Consolidated Ind. Dist., 194 Iowa 1224, page 1230, 191 N.W. 60, page 62; Van Es v. School District of Newkirk, 197 Iowa 348, 197 N.W. 55.

■ The trial court has not taken final action on the petition for permanent injunction. In such a situation we have established the rule that the action of the trial court should be treated as interlocutory. An appeal therefrom can be allowed only by permission as provided in rule 332, Rules of Civil Procedure. See Wolf v. Lutheran Mut. L. Ins. Co., 236 Iowa 334, 18 N.W.2d 804. No such permission was sought or granted in this case.

Nowhere in the record or in the briefs does defendant assert a claim to the possession of that from which he was enjoined. His letter and the fact of the negotiations negate any such claim. We conceive no way an affirmance or reversal could affect the rights or claims of either party.

Appeal dismissed.

All Justices concur.