Martin FLYNN, Appellant,

v.

**LUCAS COUNTY MEMORIAL HOSPITAL**
and Frances Brunner, Appellees.

No. 55103.

Supreme Court of Iowa.

Jan. 17, 1973.

Webster, Jordan & Oliver, by Lewis H. Jordan, Winterset, for appellant.

Ahlers, Cooney, Dorweiler, Allbee & Haynie, by H. Richard Smith, Des Moines, for appellees.

McCORMICK, Justice.

This is a malpractice action brought by a patient against a nurse and her hospital-employer. Defendants moved for summary judgment alleging the action was barred by plaintiff's failure to give notice of his claim within 60 days of injury as required by Code § 613A.5. Plaintiff resisted on the theory the notice requirements were inapplicable to his claim against the nurse and that his notice to the hospital was timely because given within 60 days of discovery of his injury. Trial court sustained the motion and plaintiff appealed. We affirm in part, reverse in part, and remand.

Three questions are presented: (1) Was trial court's order a final adjudication permitting appeal? (2) Are the notice provisions of Code § 613A.5 applicable to plaintiff's action against the nurse? (3) Was the notice to the hospital timely?

■ I. *Jurisdiction.* Although defendants have not raised the issue of jurisdiction, we have consistently recognized our duty to refuse, on our own motion, to entertain an appeal not authorized by our rules. Harden v. Illinois Central Railroad Company, 254 Iowa 426, 118 N.W.2d 76 (1962), and citations. Plaintiff in this case must bring himself within rule 331(a), Rules of Civil Procedure, which permits appeal as a matter of right from "[a]ll fi-

nal judgments and decisions." We have said:

"A final judgment or decision is one that finally adjudicates the rights of the parties. It must put it beyond the power of the court which made it to place the parties in their original position. A ruling or order is interlocutory if it is not finally decisive of the case." Harden v. Illinois Central Railroad Company, *supra*, 254 Iowa at 428, 118 N.W.2d at 77.

■ A summary judgment which is dispositive of a case is a final judgment subject to appeal. R.C.P. 331(a); see also 4 Am.Jur.2d Appeal and Error § 104 at 621 ("A summary judgment is appealable subject to the same conditions as any other judgment."). An order overruling a motion for summary judgment is of course interlocutory. Rosmann v. Lawler, 257 Iowa 1292, 1295, 136 N.W.2d 513, 515 (1965) (dictum); 4 Am.Jur.2d Appeal and Error § 104 at 622; annot. 103 A.L.R. 1104 et seq. The specific issue here is whether an order granting a motion for summary judgment is appealable. We believe it is when it goes to the whole case.

This is in accordance with the prevailing, but not unanimous, rule:

"[A]lthough an order granting a motion for summary judgment has in certain cases been held not appealable on the ground of lack of finality, the general view seems to be that an order granting a motion for summary judgment is appealable since it is considered a final decision, at least when the motion is granted on the whole case." 4 Am.Jur.2d Appeal and Error § 104 at 621, 622.

See also Wilson v. McDaniel, 449 S.W.2d 944 (Ark.1970); 6 Moore's Federal Practice, § 56.21. This also conforms with our refusal to exalt form over substance in deciding what is a final adjudication:

"The use of particular forms of words is not essential to a judgment. The sufficiency of a writing claimed to be a judg-

ment is to be tested by its substance rather than its form. If it corresponds with the definition of a judgment and appears to have been intended by the court as the determination of the rights of the parties, and shows in intelligible language the relief granted, the absence of language commonly deemed especially appropriate to final judgments is not fatal." Whittier v. Whittier, 237 Iowa 655, 662, 23 N.W.2d 435, 440 (1946).

See also Moreno v. Vietor, 261 Iowa 806, 813, 156 N.W.2d 305, 309 (1968) ("If he intended his acts to be the entry of a judgment, we should, if at all possible, avoid impairing its operation and validity when the rights of third parties are not affected because it is lacking in form."). Peach v. Peach, 73 Ill.App.2d 72, 78, 218 N.E.2d 504, 507 (1966) ("[T]he only attribute indispensable to the finality of a judgment or order is that it terminate the litigation between the parties to the suit and finally determine, fix and dispose of their rights as to the issues made by the suit."); cf. Rosenberg Bros. & Co. v. Curtis Brown Co., 260 U.S. 516, 43 S.Ct. 170, 67 L.Ed. 372 (1923); Tolliver v. Standard Oil Co., 431 S.W.2d 159 (Mo.1968); annot. 73 A. L.R.2d 250 et seq.

To ascertain the substance of the court's order and its intention in entering it, we examine the motion as well as the decision. Cf. Continent Foods Corp. v. National-Northwood, Inc., 470 S.W.2d 315, 317 (Mo.1971). Here, defendants asked for summary judgment against plaintiff on the whole case. The court's order sustained the motion in its entirety. We do not find anything in it to indicate the court intended or needed to do anything further.

The order was a final adjudication. Plaintiff could not plead over. Even filing a motion to reconsider would not have stayed its operation as a judgment. Stover v. Central Broadcasting Co., 247 Iowa 1325, 1331, 78 N.W.2d 1, 4 (1956).

We have jurisdiction to decide the appeal.

II. *The claim against the nurse.* Plaintiff's petition was in two divisions. In the first he predicated liability of Frances Brunner (the nurse) upon specific negligence in administration of a hypodermic injection. He alleged liability of Lucas County Memorial Hospital (the hospital) upon a theory of *respondeat superior.* He asked joint and several judgment. In the second division he asserted both defendants were liable under the doctrine of *res ipsa loquitur* and again asked joint and several judgment.

Defendant hospital is a county hospital and the provisions of Code chapter 613A are concededly applicable to it. See Gruener v. City of Cedar Falls, 189 N.W.2d 577 (Iowa 1971). Defendant Brunner was at all material times a hospital employee.

The summary judgment order in this case was entered before our decision in Vermeer v. Sneller, 190 N.W.2d 389 (Iowa 1971). We there held, "The notice of claim requirements of § 613A.5, Code, 1971, do not apply to an employee of a municipality when that employee is sued in his individual capacity for his negligent acts." Id. at 392.

Defendants make the same arguments to extend application of Code § 613A.5 to the employee in this case as were made and rejected in *Vermeer.* We reject them again for the same reasons. Defendant Brunner is sued in her individual capacity. The mere fact the hospital is joined as party defendant does not change her status or alter the basis of her alleged liability. See Anderson v. Calamus Community Sch. Dist. Clinton Co., 174 N.W.2d 643 (Iowa 1970), and citations. Nor is the suit converted to one solely against the hospital where, as here, defendants allege and plaintiff admits the terms of § 613A.8 as to the hospital's duty to defend and indemnify the nurse. The question of the nurse's rights against the hospital is irrelevant to plaintiff's claim against the nurse.

We adhere to the rationale of *Vermeer.* It is controlling on this issue. Trial court

erred in sustaining defendant Brunner's motion for summary judgment.

III. *The notice to the hospital.* Defendants alleged in their motion for summary judgment that plaintiff did not give notice of his claim to the hospital within the time limitations of § 613A.5. That section requires an action against a municipality to be commenced "within three (3) months, unless [claimant] shall cause to be presented to the governing body of the municipality within sixty (60) days after the alleged * * * loss or injury a written notice stating the time, place, and circumstances thereof * * *." The alleged date of injury here was August 20, 1968. The action was not commenced until May 5, 1970, more than 20 months after the injury. Notice of claim was admittedly not given to the hospital until April 29, 1969, eight months after the injury. Thus the action was started and notice of claim given long after the periods specified in the statute.

With these facts established under defendant's motion, plaintiff had to show his action was not barred or suffer adverse judgment as to the hospital. Gruener v. City of Cedar Falls, *supra,* at 580. In an effort to do so plaintiff relied on what is called the "discovery rule," asserting in his amended petition and resistance to the motion for summary judgment that he did not discover his injury until it was diagnosed March 10, 1969, by Dr. John T. Bakody.

Depositions of plaintiff and Dr. Loren C. Hermann (plaintiff's initial treating physician) were incorporated into the motion and resistance. Defendants maintain the discovery rule is inapplicable to the notice provisions of Code § 613A.5, and that even if it is applicable plaintiff has failed as a matter of law to show as a genuine issue of material fact that he did not discover his injury until Dr. Bakody's diagnosis.

■ The discovery rule is that a cause of action based upon negligence does not accrue until plaintiff has in fact discovered his injury or by exercise of reasonable dili-

gence should have discovered it. Chrischilles v. Griswold, 260 Iowa 453, 463, 150 N.W.2d 94, 100 (1967); Prosser, Law of Torts, § 30 at 144 (Fourth Ed. 1971).

It had its genesis in the theory a statute of limitations should not defeat the remedy of one who has not slept on his rights but has simply been excusably unaware of his cause of action. Flanagan v. Mount Eden General Hospital, 24 N.Y.2d 427, 248 N.E. 2d 871 (1969), and citations. However, unlike a true statute of limitations, the notice requirements of § 613A.5 are considered a legislative restriction of the right rather than the remedy. Rules affecting ordinary statutes of limitations do not necessarily apply. Sprung v. Rasmussen, 180 N.W.2d 430 (Iowa 1970). Compare Schaefer v. Mayor and Council of Athens, 120 Ga.App. 301, 170 S.E.2d 339 (1969), with Boulder City v. Miles, 85 Nev. 46, 449 P. 2d 1003 (1969).

■ We do not in this case find it necessary to reach the question of the applicability of the discovery rule to the notice of claim requirements of § 613A.5. The rule presupposes lack of knowledge by claimant of his injury at the time it occurs. In this case it is uncontroverted that plaintiff knew of his injury the instant it occurred. He testified:

"Well, I come up out of bed pretty quick, and she jerked the needle out, and I don't know really what was said then, but I'm telling you that was one horrible feeling. It was the worst pain I ever had hit me. It felt like it blew the whole bottom of my foot off."

He complained from then on of pain in the area of the injection. He said he had not had pain there before. He told Dr. Hermann about it, and evidently the doctor diagnosed it as local reaction to the shot. It is asserted Dr. Bakody later found the injury to be more serious, but a mere difference in diagnosis between the two doctors as to the extent of the injury does not alter the indisputable fact plaintiff knew he had an injury fom the moment it was inflicted.

Consequently, his resistance to the motion for summary judgment by the hospital was insufficient. Trial court did not err in sustaining the motion as to that defendant; notice to the hospital was untimely.

The case is affirmed as to plaintiff's claim against Lucas County Memorial Hospital but reversed and remanded as to his claim against Frances Brunner.

Affirmed in part, reversed in part, and remanded.

All Justices concur except RAWLINGS, J., who dissents and LeGRAND, J., who joins Division II of the dissent by RAWLINGS, J.

RAWLINGS, Justice (dissenting).

I cannot agree with the reasoning or results reached in Divisions I and II of the majority opinion, therefore respectfully dissent as to same.

I. In Division I the majority concludes, trial court's order holding defendants entitled to summary judgment is a final appealable adjudication. As aforesaid I disagree.

Plaintiff instantly commenced a statutory law actions. Defendants' motion for summary judgment was subsequently sustained by a "Ruling on Motion for Summary Judgment". It states, in material part:

"Consequently, as there is no genuine issue of fact, as to any material fact and that defendant is entitled to judgment as a matter of law in their favor and against the plaintiff, defendants' Motion for Summary Judgment must be and is hereby sustained."

Noticeably no judgment was thereby granted nor was entry of judgment ordered. See 6 Loth on Iowa Rules of Civil Procedure, Forms, § 10.18 at 378–379 (2d ed.).

It is to me self-evident the foregoing order was nothing more than a finding that defendants were entitled to a summary judgment, i. e., an order which could have been changed, altered, modified or corrected by trial court prior to entry of judgment, both as to form and substance. It was therefore not final. Demonstrably no final judgment was ever entered pursuant to the aforesaid finding. See Iowa R.Civ. P. 227.

Resultantly plaintiff served notice of appeal from an interlocutory order absent requisite permission. See Iowa R.Civ.P. 332; Moreno v. Vietor, 261 Iowa 806, 810, 156 N.W.2d 305 (1968). See also LeRoy v. Figure Skating Club of Minneapolis, 281 Minn. 576, 162 N.W.2d 248 (1968); Gebeke v. Arthur Mercantile Company, 138 N.W.2d 796 (N.D.1965); cf. State v. Coughlin, 200 N.W.2d 525 (Iowa 1972); St. Joseph Hospital v. Peterson, 196 N.W. 2d 418, 420 (1972); Rosmann v. Lawler, 257 Iowa 1292, 1295, 136 N.W.2d 513 (1965).

Furthermore, this court said in Johnson v. Iowa State Highway Comm., 257 Iowa 810, 812, 134 N.W.2d 916, 917–918 (1965):

"The right to appeal is statutory and in civil cases is governed by the Iowa Rules of Civil Procedure which have the force and effect of statute. Rule 331 provides for two classes of appeals.

"'(a) All final judgments and decisions * * * may be appealed * * *.

"'(b) No interlocutory ruling or decision may be appealed, except as provided in rule 332, until after the final judgment or order. * * *.'

"Rule 332(a) states: 'Any party aggrieved by an interlocutory ruling or decision * * * may apply to the supreme court or any justice thereof to grant an appeal in advance of final judgment. * * *.'

"We have consistently held *we have no jurisdiction to entertain an appeal where no final judgment was entered and no permission to appeal from any*

*ruling less than a final judgment or decision was obtained.* (Authorities cited)." (Emphasis supplied).

Cf. Culligan Soft Water Service v. Berglund, 259 Iowa 660, 663, 145 N.W.2d 604, 606 (1966); McCoy v. Totten, 259 Iowa 699, 701, 145 N.W.2d 662, 663 (1966).

And it is of no significance that defendants have not here moved for a dismissal. As the majority concedes, it is for us to refuse, on our own initiative, any attempted appeal not authorized by rule. See Harden v. Illinois Central R. Co., 254 Iowa 426, 429, 118 N.W.2d 76, 78 (1962). See also Metron Steel Corp. v. Alby Mfg., Inc., 54 Wis.2d 67, 194 N.W.2d 608, 610 (1972).

I would therefore dismiss this appeal.

II. Furthermore, had final judgment been entered in this case I would affirm trial court with regard to plaintiff's Code Chapter 613A action against defendant Brunner.

The motion for summary judgment now before us was predicated on plaintiff's failure to give notice of his claim pursuant to The Code 1971, Chapter 613A. Plaintiff contends this statutory enactment is not applicable to his claim against defendant Brunner. Trial court disagreed and sustained plaintiff's summary judgment motion.

Subsequent to the docketing of this appeal the opinion in Vermeer v. Sneller, 190 N.W.2d 389 (Iowa 1971) was filed. That case involved a student's action against a teacher and her employer school district. Trial court there held the notice provisions of Chapter 613A applied to claims made against municipal employees. This court, in reversing concluded, 190 N.W.2d at 392: "The notice of claim requirements of § 613A.5, Code, 1971, do not apply to an employee of a municipality when that employee is sued in his individual capacity for his negligent acts."

Such conclusion had limited impact when applied to the cited case since this court found there had been substantial compliance with the notice provisions as to defendant school district. But the effect thereof as applied by the majority in the case at bar, is to judicially repeal the notice provisions of Chapter 613A. I cannot believe the legislature meant, by Chapter 613A, the notice provisions thereof may be ignored by making a municipality secondarily liable under the indemnity provisions of the act when it is not primarily obligated.

Stated otherwise, the general assembly could not have intended a municipality be required to pay from the left pocket that which it could not be lawfully required to pay from the right pocket. See Boyle v. Burt, 179 N.W.2d 513, 516 (Iowa 1970); White v. Johnson, 272 Minn. 363, 137 N.W.2d 674, 676–677 (1965).

In the present case plaintiff unquestionably sued defendant Brunner as an employee of defendant municipal hospital for acts performed in the scope of her employment. Plaintiff, in his resistance to a motion to dismiss and again by resistance to the instant motion for summary judgment, admitted defendant hospital would be required to indemnify and save Brunner harmless against plaintiff's claim by reason of § 613A.8.

Trial court properly found plaintiff's action was instituted pursuant to Chapter 613A and he was thereby bound, although redress could have been sought by an action at common law. The court's comments in this regard are worth repeating since they pinpoint the fallacy in permitting plaintiff to adopt a two-way approach:

"It is manifest to this court that plaintiff brings his suit relying upon the provisions of Chapter 405 of the 62nd G.A. (Code Chapter 613A). His theory seems to be that even if the suit be dismissed against the 'municipality', he is entitled to maintain the suit against the employee, Frances Brunner, who would be held harmless by the municipality under

the provisions of Section 8 of said chapter. Plaintiff argues that his suit against the employee is not to be limited by the notice requirements of Chapter 405, and that the municipality is still to be required to hold the employee harmless under the provisions of Section 8 of said Chapter, so long as plaintiff brings his suit within two years from the date of his injury (or the date when he discovered that he has suffered injury or by the exercise of reasonable diligence should have discovered it).

"It may well be that plaintiff could have sued Frances Brunner without relying on Chapter 405 of the 62nd G.A. and in such situation the two year limitation for bringing of the action would apply. The situation would then be the ordinary cause for personal injuries with no claim being made that a 'municipality' hold defendant harmless or indemnify him. Here, however, plaintiff relies on the provisions of Chapter 405 of the 62nd G.A. to hold a unit of local government either primarily liable or liable secondarily in holding the employee harmless from the consequences of an alleged tort committed in the scope of her employment. Plaintiff need not bring his suit against Frances Brunner relying on relief provided in Chapter 405, but if he does rely on the provisions of said chapter he must comply with its provisions for bringing his suit."

The foregoing analysis is to be correct and the conclusion thus reached should here be adopted. Otherwise there will rarely if ever be a claim against a municipality which does not arise out of an employee's act, thereby permitting all claimants to ignore the notice provisions of Chapter 613A, thus effecting an indirect recovery from a municipality under the aforesaid indemnity proviso. If the general assembly had any such intention it could have so stated. This it did not do.

In Bruce v. Wookey, 261 Iowa 231, 233, 154 N.W.2d 93, 94 (1967), this court said:

"In seeking the meaning of a law the entire act should be considered. Each section must be construed with the act as a whole and all parts of the act considered, compared and construed together."

We then proceeded to hold a failure to comply with the new Probate Code requirement regarding hearings on claims served, in effect, to bar the claim even though this might not have been the way the court would have written the law had it been acting in place of the legislature. The same reasoning should be applied to Chapter 613A.

And in Dobrovolny v. Reinhardt, 173 N.W.2d 837, 840 (Iowa 1970) is this apt statement:

"In construing a statute, it is important to consider the state of the law before it was enacted and the evil it was designed to remedy, and it is the business of courts to so construe an act as to suppress the mischief and advance the remedy. In arriving at the intention of the legislature, the subject matter, effect, consequence, and the reason and spirit of the statute must be considered, as well as words, in interpreting and construing it."

See also Bennett v. Ida County, 203 N.W.2d 228 (Iowa 1972); Sprung v. Rasmussen, 180 N.W.2d 430, 433 (Iowa 1970); Boyle v. Burt, 179 N.W.2d at 516–517.

Furthermore, a reading of *Vermeer*, Iowa, 190 N.W.2d at 391–392, reveals the primary basis for the conclusion there reached would, in effect, serve to abolish plaintiff's common law right of action against the employee. I cannot agree with that rationale. A number of states have statutes requiring notice be given as a prerequisite to bringing an action against a municipal employee. See Huffaker v. Decker, 77 Cal.App.2d 383, 175 P.2d 254, 255–257 (1946), followed in Rounds v. Brown, 121 Cal.App.2d 642, 263 P.2d 620 (1953) and Chavez v. Sprague, 209 Cal.App.2d 101, 25 Cal.Rptr. 603 (1962); Rein-

hardt v. City of New Haven, 23 Conn.Sup. 321, 182 A.2d 925 (1961).

In *Huffaker, supra*, the court was confronted with an argument to the effect such notice requirement abolished a common law right of action. But the court said, 175 P.2d at 257:

"It should be noted that the statute does not deprive the injured person of his cause of action against the employee. That remains as it was before the statute was enacted. He is not denied due process. * * * The statute merely places upon him a reasonable procedural requirement to the maintenance of his action."

Even more to the point is this statement in Harvey v. Prall, 250 Iowa 1111, 1121, 97 N.W.2d 306 (1959): "* * * a statute will not be construed as taking away a common-law right existing at the date of its enactment unless that result is imperatively required." Accord, Hardwick v. Bublitz, 253 Iowa 49, 59, 111 N.W.2d 309 (1961); The Maytag Co. v. Alward, 253 Iowa 455, 462, 112 N.W.2d 654 (1962). I submit the abolishing of any existing common law right of action against municipal employees was not mandated by enactment of Code Chapter 613A.

As stated in 4 McQuillin Municipal Corporations, § 12.211, at 151 (3d ed., 1968 Rev.):

"Generally speaking, a plaintiff can bring two types of actions for tort against public officers or employees: (1) he can sue them in their private and individual capacity; (2) he can sue them in their official capacity as municipal officers or employees."

Having elected to seek recovery via the second type of action plaintiff still seeks to hold the municipality liable absent any compliance with the notice provisions of Chapter 613A. This should not be allowed. By holding otherwise it is to be apparent the majority judicially abolishes governmental immunity regardless of any statutory notice requirements. But see Bennett v. Ida County and Sprung v. Rasmussen, both *supra*. I submit we should not so extend the *Vermeer* rule that it be made applicable to statutory actions brought against an individual as an employee of a municipality for acts performed within the scope of his employment, i. e., in such manner as to accord a plaintiff an improper benefit of the Chapter 613A indemnity provisions.

I would dismiss this appeal, and in any event would affirm.

LeGRAND, J., joins Division II of this dissent.