[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT, MOROTTO'S, MOTIONS FOR SUMMARY JUDGMENT
Carmody Torrance, Furey, Donaocan, Eddy, Kocsis, Tracy Daly and Gager Henry for plaintiffs.
Secor Cassidy McPartland, Coughlin Malone and Paul A. Scholder for defendants.
These three cases, Hughes v. Arett Sales Corp., et al (Hughes), Rivera v. Wells Fargo Alarm, et al (Rivera), Lodge v. Arett Sales Corp., et al (Lodge), arise from an accident in which a fire truck struck a tree, killing firefighters Howard Hughes and Heriberto Rivera and injuring Raymond Lodge. The fire truck was driven by defendant James Morotto while responding to a false alarm. All three of the above plaintiffs have sued Wells Fargo Alarm System (Wells Fargo), Arett Sales Corp. (Arett), and Advanced Automatic Sprinkler, Inc. (Sprinkler), for causing or allowing a false fire alarm. The City of Waterbury has intervened in all of the cases in connection with the recovery of Workers' Compensation benefits.
In all three of the above matters, the defendant, Arett, filed a third party complaint against firefighter, James A. Morotto, Jr., the driver of said fire truck. Thereafter, in all of the above cases, the defendants, Sprinkler and Wells Fargo, filed cross complaints against the third party defendant, Morotto. Morotto has filed these motions for summary judgment in all of the matters against the third party plaintiff, Arett, and against the cross complainants, Sprinkler and Wells Fargo.
The claims of Arett, Sprinkler and Wells Fargo in connection with their respective third party complaints and cross complaints are essentially the same. They all claim that Morotto should indemnify them on the theory of active/passive negligence as held in the cases of Ferryman v. Groton, 212 Conn. 138
(1989) and Burkert v. Petrol Plus of Naugatuck, Inc.,216 Conn. 65 (1990).
The cross complaints of Sprinkler and Wells Fargo, in each of the above cases are in one count alleging indemnification based on theory of active/passive negligence. The cross complaint of Arett in all of these matters is framed in two counts. Count two alleges indemnification in the theory of active/passive negligence and is similar to the claims of all the cross complainants. Count one of Arett's third party complaint seems to alleges indemnification pursuant to § 7-308 of the Connecticut General Statutes. CT Page 7875
The court will first deal with count one of the third party complaint, and then with the second count of the third party complaint, and the claims in the cross complaints.
As to count one of Arett's third party complaint in all of the actions, that defendant entitles the first count "As to James A. Morotto, Jr., pursuant to C.G.S. § 7-308". Morotto has interpreted this first count as a claim for indemnification pursuant to § 7-308 of the Connecticut General Statutes. After reviewing the first count, the court agrees that Arett claims indemnification under § 7-308. Paragraph 17 of the first count claims that Morotto must indemnify Arett in accordance with § 7-308 of the Connecticut General Statutes.
Section 7-308 is an indemnification statute that generally requires a municipality to pay on behalf of any paid or volunteer fireman all sums that the fireman becomes liable to pay resulting from the performance of his fire duties. See Rowe v.Godou, 209 Conn. 273, 276 (1988). A person who is injured by a fireman or whose property is damaged as a result of the negligent performance of a fireman may sue the fireman or the municipality under § 7-308. See, e.g., Reinhardt v. NewHaven, 23 Conn. Sup. 321 (1961). "Fire duties" include answering a fire alarm.
Arett's claim under § 7-308 fails for several reasons. Section 7-308 indemnifies the fireman; it does not provide a course of action for indemnification against the fireman. Arett cannot seek indemnification by the fireman under § 7-308. Furthermore, § 7-308 provides indemnification by the municipality of liability imposed upon a negligent fireman "for damage to person or property." Arett was not injured, nor did it suffer damages to its property as the result of the negligence of fireman Morotto. Arett, therefore, has no claim under § 7-308 of the Connecticut General Statutes. If, in fact, the claim under the first count of Arett's third party complaint is really a claim for indemnification on the basis of active/passive negligence, then that claim will fail in accordance with the discussion below.
The second count of the third party complaint filed by Arett and the cross complaints of Wells Fargo and Sprinkler all allege indemnification based on a theory of active/passive negligence. "`Ordinarily, there is no right of indemnity . . . between tortfeasors.'" (Citation omitted.) Ferryman v. Groton, CT Page 7876212 Conn. 138, 142 (1989). However, an obligation to indemnify is implied where one tortfeasor is actively negligent. Id., 142-43. The elements for a claim of indemnification on the ground that the other tortfeasor was actively negligent include: 1) that the other tortfeasor was negligent; 2) that the other tortfeasor's negligence directly caused the injury; 3) that the other tortfeasor was exclusively in control of the situation; and 4) that the passive tortfeasor had no reason to know or anticipate the active tortfeasor's negligence. Burkert v.Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74 (1990).
In the second count of Arett's third party complaint, and in the cross complaints filed by Sprinkler and Wells Fargo, the four elements for a claim of indemnification as set forth inFerryman have been alleged. However, our Appellate Court has said that in addition to these four elements, the plaintiff must also show that they have an independent legal relationship with the active tortfeasor that gives rise to a claim for indemnification. Atkinson v. Berloni,23 Conn. App. 325 (1990). Arett, in its third party complaint, and Sprinkler and Wells Fargo, in their cross complaints, have made no allegations concerning an independent relationship with Morotto. This court cannot ignore this decision of our Appellate Court. Lemond v. Price, 9 Conn. L. Rptr. 506 (August 4, 1993, Flynn, J.). Having made no claim of any independent relationship with Morotto, Arett's, Sprinkler's and Wells Fargo's claims of active/passive negligence must fail underAtkinson, supra.
There are no disputed issues of fact with regard to the claims of Arett, Wells Fargo and Sprinkler in connection with their claims for indemnification as embodied in the third party complaint and cross complaints. Practice book § 384;Scrapchansky v. Plainfield, 226 Conn. 446, 450 (1993). The motions for summary judgment filed on behalf of James A. Morotto, Jr., therefore, are granted.
/s/ Pellegrino ---------------- PELLEGRINO, J. CT Page 7877