[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE CROSS CLAIM
The defendant Michaud Builders, Inc., moves to strike the Cross Claim of the defendant Michael J. Sirak for indemnification of sums which Sirak may be called upon to pay to the plaintiff. The focus of Michaud's motion to strike rests upon the proposition that there is no independent legal relationship between Michaud and Sirak, and hence no duty to indemnify. SeeAtkinson v. Berloni, 23 Conn. Sup. 325, 326 (1990).
The pleadings allege that the plaintiff Orlando Annuli 
Sons, Inc., is the general contractor under a contract with Church of the Living God of Manchester, Inc., to construct a new church. Annulli entered into a contract with Sirak, a professional engineer for the design and engineering of the building systems, including the structural systems such as framing systems. Annuli hired the defendant Michaud Builders to install the roof trusses. During that process the roof trusses collapsed. The plaintiff Annuli brought suit against Sirak and Michaud claiming damages for its costs expended to correct and replace the collapsed trusses and building framing, including materials, costs of revision of plans, redesign costs and the like. CT Page 1072
The defendant Sirak, by way of counterclaim against Michaud, claims indemnity against Michaud for any amounts which may be recovered against Sirak by Annuli. The defendant Michaud moves to strike the claim for indemnity. There is no direct express contract between Sirak and Michaud.
The court finds that the counterclaim for indemnity contains allegations sufficient to set forth the four basic requirements of a claim for indemnity. Stated briefly, that Michaud was negligent; that Michaud's negligence rather than that of Sirak was the immediate cause of the damage; that Michaud had exclusive control of the situation; that Sirak had no reason to anticipate Michaud's negligence, and that Sirak could rely on Michaud to act without negligence. See Atkinsonv. Berloni, 23 Conn. App. 325, 327 (1990).
The Atkinson case, supra, sets forth a further requirement: "Implicit in indemnification cases is the requirement of an independent legal relationship between the indemnitor and the indemnitee giving rise to a special duty."Atkinson v. Berloni, supra, p. 327.
The right to indemnity is clear when the obligation springs from an express contractual relation. Ferryman v.Groton, 212 Conn. 138, 145 (1989). In the present case it is not claimed that Sirak, the engineer, and Michaud Builders, had a direct and specific contract as between themselves as direct named contracting parties. It is however alleged in the complaint that Sirak conducted 23 written and signed field inspection reports. Sirak admits in his answer to the complaint that he was "to review shop drawings and materials submitted, observe construction to assure its compliance with final plans and specifications . . . and to provide special inspections as defined in the Connecticut State Building Code.
There can be little doubt that as between Sirak and the general contractor, Annuli, there was in fact a specific contract. Nor can there be any doubt but that, as between these two parties, Annuli and Sirak, there may arise liability arising from negligence in the performance of the contract.Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405, 410
(1995).
The contract between Annuli and Sirak called for Sirak to design the structure and supervise the construction to assure CT Page 1073 compliance with the plans and specifications. Sirak was to be paid for these services. Unquestionably each owed a contractual duty to the other not to be negligent in the performance of their duty. Annuli, by subcontract, assigned its duty to perform at least a part of the contract to Michaud. "If he clearly delegates the duties as well as makes an absolute and complete assignment of the rights it seems a reasonable interpretation of the bargain that in the absence of circumstances showing a contrary interest, the assignee impliedly undertakes the performance of the duties." Williston on Contracts, revised Edition, 1938, See 418A. While the concept of privity is difficult to define precisely, it has been held that `a key consideration for its existence is the sharing of the same legal right by the parties allegedly in privity." State v. Fritz, 204 Conn. 156,173 (1987).
It should be obvious that Sirak, under his contract with Annuli, undertook the contractual obligation of designing and supervising the construction with due care, so as to prevent loss to Annuli from Sirak's negligence in performing the contract. And further that the defendant Michaud, as Annulli's assignee for that part of the performance of the contract, being in privity with Annuli, would be owed that same contractual duty from Sirak, as concerns design and supervision.
It is equally clear that Michaud, as Annuli's assignee for that part of the contract, owed to Sirak the same duty as would Annuli — the duty to perform that part of the construction with due care so as to guard against loss to Sirak by virtue of having to defend against a suit which may be brought asserting a claim of negligent design and supervision, but may in fact be due to negligent construction activity.
A legal relationship may arise out of privity of contract even though the parties in relationship are not the original and direct parties. The court finds an adequate legal relationship between the parties, Michaud and Sirak, so as to allow for the prosecution of a claim for indemnity.
Aside from the concept of contract and privity of contract, it further should be obvious that the relationship between the engineer and the subcontractor is such that there CT Page 1074 exists an independent duty of cooperation with each other. Such cooperation is an integral part of the process of constructing buildings. If the building fails by virtue of improper design, improper construction, or improper construction it is totally foreseeable that the other party will suffer loss by being drawn into litigation in what is usually a very complex factual scenario. Neither are strangers to each other in this type of relationship and each owes to the other the common law duty of due care.
The court determines that there is an adequate legal relationship between the parties herein, Sirak and Michaud, to allow for the bringing of a cause of action for indemnification between these parties. Hence, the motion to strike the claim for indemnification is denied.
L. Paul Sullivan, J.