NEVADA MANAGEMENT COMPANY, A NEVADA CORPORATION, APPELLANT, v. ALTON A. JACK, RESPONDENT.

No. 4141

April 23, 1959

338 P.2d 71

*Stewart, Horton and Campbell,* of Reno, for Appellant.

*Leonard T. Howard,* of Reno, for Respondent.

**OPINION**

By the Court, McNAMEE, J.:

Jack (respondent herein) filed suit for declaratory judgment alleging that he was the owner of certain logs located in Truckee, California, on premises occupied by defendant (appellant company); that the company on February 26, 1958 by letter had demanded that plaintiff remove the logs by March 1, 1958 or in the alternative pay it $100 a day storage; that Jack received this letter February 27; that there were 200,000

board feet of logs covered by several feet of snow and it was practically impossible to remove them on such short notice; that oral negotiations to remove the logs failed, due to the amount the company claimed for storage already accrued; that Jack thereupon on May 20, 1958 had given written notice to the company that he was willing to remove the logs if allowed so to do; that the company, however, after published notice sold the logs at public sale to itself for $1,500 in partial satisfaction of its claim against plaintiff of $8,600 (storage for 86 days at $100 a day); that the value of the logs is $4,000; that the balance of the company's claim against plaintiff is $7,104.85; that sheriff had not yet given the company a bill of sale for the logs; that unless the company is restrained, the company will cause the logs to be sold, encumbered, or otherwise hypothecated so as to deprive respondent of his right and title to said property.

Prayer is for an injunction and for a declaratory judgment declaring that plaintiff has no legal obligation to pay storage or in the alternative that the court assess reasonable damages for storage.

A temporary restraining order was issued without notice upon plaintiff depositing a $4,000 bond restraining the company from "hypothecating or changing form or nature" of the logs or from "taking any steps to complete any claimed sale" of the same.

Thereafter upon notice and hearing, a preliminary injunction was issued and the bond increased to $8,000.

Appeal is from the order granting the preliminary injunction.

We are here concerned only with that part of the preliminary injunction which enjoins the company "from transferring, encumbering, in any respect hypothecating, or changing the form or nature" of the logs, and "from taking any steps to complete any claimed sale by reason of storage or rent" of the logs.

Three issues are presented for determination:

1. Is the complaint sufficient to sustain a judgment for declaratory relief?

While the prayer of the complaint would suggest that the rights to be adjudicated were restricted to the matter of storage charges, the real dispute between the parties as appears from the briefs and oral argument concerns the ownership of the logs.

In the case of Kress v. Corey, 65 Nev. 1, 189 P.2d 352, 364 (1948), the requirements for declaratory relief were summarized as follows: "(1) there must exist a justiciable controversy; that is to say, a controversy in which a claim of right is asserted against one who has an interest in contesting it; (2) the controversy must be between persons whose interests are adverse; (3) the party seeking declaratory relief must have a legal interest in the controversy, that is to say, a legally protectible interest; and (4) the issue involved in the controversy must be ripe for judicial determination."

We have no hesitation in holding that the respondent has presented the facts and conditions necessary to give him his statutory right to have the court determine by declaratory judgment for or against his contention of ownership.

"It was a defect of the judicial procedure which developed under the common law that the doors of the courts were invitingly opened to a plaintiff whose legal rights had already been violated, but were rigidly closed upon a party who did not wish to violate the rights of another nor to have his own rights violated, thus compelling him, where a controversy arose with his fellow, to run the risk of a violation of his fellow's rights or to wait until the anticipated wrong had been done to himself before an adjudication of their differences could be obtained. Thus was a penalty placed upon the party who wished to act lawfully and in good faith which the statute providing for declaratory relief has gone far to remove. We feel that the courts should construe the statute with reasonable liberality so that, * * * it may not 'lose a large part of the value which, upon its enactment was supposed to attach to it.'" Tolle v. Struve, 124 Cal.App. 263, 12 P.2d 61, 63.

Since the decision of Kress v. Corey, supra, which

cited with approval Tolle v. Struve, supra, the applicability of our declaratory judgment statutes has been extended by the Nevada Rules of Civil Procedure, effective January 1, 1953, and under these rules the fact that respondent could have availed himself of other remedies in the nature of trover and replevin does not defeat his right to sue for declaratory judgment in cases where declaratory relief is proper. NRCP 57.

2. Is an injunction a proper provisional remedy in a procedure for obtaining a declaratory judgment?

This question has already been answered affirmatively by this court in Kress v. Corey, supra, and in Woods v. Bromley, 69 Nev. 96, 241 P.2d 1103, where we held that injunctive relief may properly be coupled with a prayer for a declaratory judgment.

3. If a suit for declaratory judgment can be coupled with a prayer for equitable relief, were the two ancillary to each other in the present case?

Appellant contends that the injunction is not incidental to the declaratory relief sought. He states that by "incidental" he means "in aid of" the declaratory relief sought. Possibly there would be some merit to his contention if the only declaratory relief sought was with reference to storage charges. His general prayer, however, is for "such other relief as * * * seems proper," and as hereinabove stated, the real dispute concerns the ownership of the logs. It is apparent, therefore, that the injunctive relief is "in aid of" the declaratory judgment sought, because respondent had the right to seek an order which would maintain the status quo of the logs until there is a determination of the rights of the parties with respect thereto.

Affirmed.

MERRILL, C. J., and BADT, J., concur.