DREDGE CORPORATION, A NEVADA CORPORATION, APPELLANT, *v.* WELLS CARGO, INC., RESPONDENT.

No. 4663

February 20, 1964                    389 P.2d 394

*Deaner, Butler & Adamson,* of Las Vegas, and *Abraham Marcus,* of Beverly Hills, California, for Appellant.

*Guild, Busey & Guild* and *David W. Hagen,* of Reno, for Respondent.

**OPINION**

By the Court, THOMPSON, J.:

The appeal is from a summary judgment granted to the defendant Wells Cargo, Inc. in a suit for declaratory and other relief commenced by Dredge Corporation. The lower court held that the six-year statute of limitations (NRS 11.190(1)(b)) was a bar. We reverse for the reasons stated.

Dredge owned 26 unpatented placer mining claims in Clark County.[1] On May 12, 1954 it entered into an agreement with Wells which obligated Wells to do the assessment work and some additional improvement work on each claim, and also to extract at least 500 cubic yards of gravel from each of the claims within 18 months thereafter, that is, by November 12, 1955.[2] Upon completion of the work by Wells, Dredge was to apply

---

[1]Three claims were withdrawn by the United States from the application of the placer mining laws, thereby reducing from 29 to 26 the number of claims involved in this suit.

[2]The agreement of May 12, 1954 was twice supplemented to include additional claims. Otherwise the terms remained the same.

for patents. If patents were issued, Dredge became obligated to convey to Wells an undivided one-half interest in the patented claims. The agreement further provided (paragraph 8) that Wells "shall have the right to remove gravel from any of said claims without limit and without royalty"; and paragraph 11 read, "It is further agreed that if said Wells Cargo, Inc. fails to perform any condition, covenant, term or agreement herein at the time and in the manner herein set forth after five days written notice of such failure, then this agreement is automatically cancelled, without notice, legal action or other action, whereupon Dredge Corporation shall have the right to remove said Wells Cargo, Inc., its employees and agents, from said premises with or without legal process."

On August 4, 1960, patents were issued to Dredge for five of the claims. By its amended complaint, Dredge acknowledged that Wells had fully performed its contractual duties as to the five patented claims. However, it charged that Wells had breached the contract with respect to the remaining 21 claims for which patents were not issued. The request for relief was threefold: First, Dredge sought a court declaration of nonliability, i.e., that it was not required to convey to Wells an undivided one-half interest in the patented claims, because Wells had failed to perform with respect to the 21 claims remaining unpatented; second, that Wells be required to account for profits realized from its gravel pit operations on the patented claims; and third, damages for breach of contract.[3]

The lower court treated the action as one for damages for breach of contract. It was convinced from the record (amended complaint, depositions and affidavits) that Wells had breached the contract at a time more than six years before this suit was commenced, and concluded

---

[3]Both declaratory and coercive or executory relief may be sought and granted in a single action. See Annot., 155 A.L.R. 501; Nev. Management Co. v. Jack, 75 Nev. 232, 338 P.2d 71; cf. Woods v. Bromley, 69 Nev. 96, 241 P.2d 1103; Kress v. Corey, 65 Nev. 1, 189 P.2d 352.

that this action in all of its interrelated aspects was barred by limitations.

The statute of limitations has application to the time within which civil actions may be commenced "after the cause of action shall have accrued." NRS 11.010. The request by Dredge for a declaration of nonliability (that it need not convey to Wells an undivided one-half interest in the patented claims) does not present a "cause of action" in the sense that term is used in NRS 11.010; [See Luckenbach Steamship Co. v. United States, 2 Cir., 312 F.2d 545, for a lucid discussion of this problem] that is to say, Dredge does not contend that it has a "cause of action" not to convey—rather, its position is that it has a valid reason or defense for not doing so—namely, Wells' breach of its obligation to perform under the contract. The subject matter of its request, therefore, is in the nature of a defense.[4] Limitations do not run against defenses. The statute is available only as a shield, not as a sword. Northern Pacific Railway Co. v. United States, 10 Cir., 277 F.2d 615, 623, 624. We hold that the lower court erred in applying the statute of limitations to the request by Dredge for a declaration of nonliability.

Of course a claim for coercive relief (damages and an accounting) is subject to the bar of limitations. However, in this case, the applicability of the statute of limitations depends upon a prior determination of material questions of disputed fact which should have been reserved for decision after a full trial. Had the record (affidavits and depositions) before the trial court shown, without dispute, that Wells had breached the agreement by failing to perform the work required by November 12, 1955, then the claim of Dredge, at least for the coercive relief of contract damages (though perhaps not

---

[4] By way of illustration: Should Wells seek to compel Dredge to specifically perform its covenant to convey an undivided one-half interest in the patented claims, Dredge could present as a defense thereto its claim that Wells had materially breached the agreement, thereby excusing Dredge from its duty to convey.

for an accounting), would have been barred by the six-year statute, for this suit was not started until November 30, 1962. However, this issue was disputed. Dredge contended that the time for Wells' performance was extended by mutual agreement to November 19, 1962, which position, if proved, would effectively nullify the bar of limitations. Wells, on the other hand, took the stand that, if the contract was breached, the breach occurred at a time more than six years before this suit was started, with the consequence that limitations barred coercive as well as declaratory relief. There was no express, written agreement extending the time for Wells' performance. Whether an implied extension agreement did in fact happen will depend upon the trial court's construction of evidentiary matter of various sorts to be received and evaluated at trial. Material issues of fact remain for resolution. Parman v. Petricciani, 70 Nev. 427, 272 P.2d 492. Accordingly, the summary judgment precluding trial on the coercive relief sought was also erroneously entered.

Thus, the summary judgment may not stand as to any of the relief sought—declaratory or coercive. The former, because it is not subject to the bar of limitations as a matter of law; the latter, because disputed fact issues must first be decided before the applicability of limitations is placed into focus.

The record shows that this case will present many complicated fact issues for resolution. For whatever assistance it may be to the trial court and counsel, we wish to direct attention to some of them. Does the evidentiary material upon which Dredge relies to show an extension of time for Wells' performance, establish an agreed extension, or a unilateral waiver of the time requirement by Dredge, or neither? What is the meaning to be given paragraph 8 of the agreement? Do the words, "Wells shall have the right to remove gravel from any of said claims without limit and without royalty" apply only to the removal of gravel from claims before patents were issued, or does it have application thereafter? Is the agreement of May 12, 1954 (as supplemented) to be treated as an entire or a divisible contract? Will the

failure of Wells to fully perform required work on some of the claims preclude its acquisition of an interest in claims upon which it did perform and for which patents were issued? The agreement is silent as to these matters. Evidence will be needed to establish the parties' intentions. A full trial is required.

Reversed.

BADT, C. J., and McNAMEE, J., concur.