# IN THE SUPREME COURT OF THE STATE OF NEVADA

KENNETH RENFROE,
Appellant,
vs.
CARRINGTON MORTGAGE
SERVICES, LLC,
Respondent.

No. 76450

**FILED**

FEB 14 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Richard Scotti, Judge. Reviewing a summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.

This appeal regards a property within the Boulder Creek Homeowners Association (HOA). The HOA, through its agent Nevada Association Services (NAS), recorded a notice of a delinquent HOA assessment lien against the property, a notice of a default and election to sell, and a notice of a foreclosure sale. Bank of America, N.A. (BANA), at the time the property's first deed of trust holder, sent NAS a letter requesting the HOA superpriority lien amount. NAS responded with an account statement showing monthly common HOA assessments of $38 predating the notice of a delinquent HOA assessment and a payoff demand of $8,911.30.

Three days prior to the HOA's foreclosure sale, BANA tendered a check to NAS for $342, an amount nine times $38, for nine months' worth

of delinquent HOA assessments.[1] BANA explained that the amount was non-negotiable and that any endorsement of the check would be strictly construed as an unconditional acceptance of BANA's financial obligations toward the HOA. Moreover, it stated that any rejection of BANA's tender would be construed as a waiver of the claim that BANA's deed of trust was extinguished. NAS rejected BANA's tender. At the subsequent foreclosure sale, Paul Pawlik purchased the property, which he later transferred to appellant Kenneth Renfroe. BANA assigned its deed of trust to respondent Carrington Mortgage Services, LLC (Carrington).

Renfroe initiated a quiet title action, to which Carrington moved for summary judgment. Renfroe countermoved for summary judgment. The district court granted Carrington's motion for summary judgment and denied Renfroe's countermotion. It concluded that BANA's offer to pay the correct amount of HOA assessments discharged the HOA's superpriority lien and rendered the HOA unable to extinguish Carrington's deed of trust through foreclosure. Renfroe appealed, and we affirm.

We conclude that BANA's tender successfully discharged the HOA's superpriority lien and preserved Carrington's deed of trust. "A valid tender of payment operates to discharge a lien." *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev. 604, 606, 427 P.3d 113, 117 (2018). There is no dispute that BANA's tender of $342 represented the nine months' worth of HOA assessments, and there is no indication of any additional maintenance or nuisance abatement charges. *See id.* (holding that "[a] plain reading of [NRS 116.3116(2) (2012)] indicates that the superpriority portion of an HOA

---

[1]While BANA informed NAS that it tendered a cashier's check, it actually tendered a check drawn from BANA's attorney's trust account.

lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid assessments"). BANA's tender was therefore valid.

Renfroe's contention that BANA's tender was improper because of its conditions or because it was unrecorded is inconsistent with this court's precedent. First, we have determined that a deed of trust holder's tender may have conditions on which it has a right to insist, such as a receipt for full payment or a surrender of the debt obligation. *Id.* at 607-08, 427 P.3d at 118. As we held regarding BANA's nearly identical conditions of tender in *SFR Investments Pool 1*, BANA's conditions of tender here were not *impermissibly* conditional. *See id.* Second, we have already held that a deed of trust holder need not record notice of its tender and that a subsequent property owner is not protected as the transferee of a bona fide purchaser after a valid tender. *Id.* at 609-10, 612, 427 P.3d at 119-20, 121. Therefore, BANA was not required to record notice of its tender, and Renfroe was not protected as a bona fide purchaser.

Renfroe's argument that Carrington needed to prove that NAS wrongfully rejected BANA's tender is also misguided. We determine that NAS's subjective good faith reasoning for rejecting BANA's tender is legally irrelevant, because the tender cured the default as to the superpriority portion of the HOA's lien by operation of law. *See id.* at 610, 427 P.3d at 120 (holding that "tender cured the default and prevented foreclosure as to the superpriority portion of the HOA's lien by operation of law"); *see also* Restatement (Third) of Prop.: Mortgages § 6.4(b) & cmt. c (Am. Law Inst. 1997) (stating that a party's reason for rejecting a tender may be relevant insofar as that party may be liable for money damages but that the reason for rejection does not alter the tender's legal effect). The ensuing foreclosure sale was therefore void as to the superpriority portion of the lien, and NAS's

basis for rejecting the tender could not validate an otherwise void sale in that respect. *See SFR Invs. Pool 1*, 134 Nev. at 612, 427 P.3d at 121 ("A foreclosure sale on a mortgage lien after valid tender satisfies that lien is void, as the lien is no longer in default."); *see also* 1 Grant S. Nelson, Dale A. Whitman, Ann M. Burkhart & R. Wilson Freyermuth, *Real Estate Finance Law* § 7.21 (6th ed. 2014). Furthermore, we are unpersuaded by Renfroe's argument that NAS's rejection was proper because the tender included a check drawn from BANA's attorney's trust account and not a cashier's check as represented, or because the amount in question was based on unsettled law. *See SFR Invs. Pool 1*, 134 Nev. at 612, 427 P.3d at 121.

Renfroe's argument that Carrington was time-barred from asserting that BANA's tender preserved its deed of trust is also incorrect. Statutes of limitations do not run against defenses. *Dredge Corp. v. Wells Cargo, Inc.*, 80 Nev. 99, 102, 389 P.2d 394, 396 (1964); *see also City of Saint Paul v. Evans*, 344 F.3d 1029, 1033-34 (9th Cir. 2003) (concluding that statute of limitations do not apply to defenses because "[w]ithout this exception, potential plaintiffs could simply wait until all available defenses are time-barred and then pounce on the helpless defendant"). We conclude that Carrington, as a defendant, may assert its affirmative defense notwithstanding the statute of limitations. *See, e.g., Nev. State Bank v. Jamison Family P'ship*, 106 Nev. 792, 798-99, 801 P.2d 1377, 1381-82 (1990) (reasoning that a party could raise an affirmative defense despite the statute of limitations based on equitable considerations). Moreover, we clarify that Carrington had no obligation to prevail in a judicial action as a condition precedent to enforcing its deed of trust that had already survived the HOA's foreclosure sale. *See SFR Invs. Pool 1*, 134 Nev. at 606, 427 P.3d

SUPREME COURT
OF
NEVADA

(O) 1947A

4

at 117. Therefore, it was proper for Carrington to respond to Renfroe's suit by explaining that its deed of trust was preserved upon tender, and it was not time-barred from doing so.

In sum, because BANA validly tendered nine months' worth of HOA assessments, the foreclosure sale did not extinguish Carrington's deed of trust.[2] We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc: Hon. Richard Scotti, District Judge
Noggle Law PLLC
Akerman LLP/Las Vegas
Eighth District Court Clerk

---

[2]We decline to address Renfroe's arguments that BANA's tender was an equitable subrogation and BANA failed to keep its tender good, because Renfroe failed to raise these arguments in district court. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal."). We also do not reach Carrington's argument that the HOA violated the automatic bankruptcy stay or that relief should be granted to Carrington as equitable relief, because we affirm on other grounds.