IN THE SUPREME COURT OF THE STATE OF NEVADA

CITIMORTGAGE, INC.,
Appellant,
vs.
RIVER GLIDER AVENUE TRUST,
Respondent.

No. 75294

FILED

JUN 19 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF REVERSAL AND REMAND*

This is an appeal from a final judgment in a quiet title action. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge. We review a district court's legal conclusions following a bench trial de novo, but we will not set aside the district court's factual findings unless they are clearly erroneous or not supported by substantial evidence. *Wells Fargo Bank, N.A. v. Radecki*, 134 Nev. 619, 621, 426 P.3d 593, 596 (2018).

In *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Ass'n (Christine View)*, 134 Nev. 270, 272-74, 417 P.3d 363, 367-68 (2018), this court held that 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar) preempts NRS 116.3116 and prevents an HOA foreclosure sale from extinguishing a first deed of trust when the subject loan is owned by the Federal Housing Finance Agency (or when the FHFA is acting as conservator of a federal entity such as Freddie Mac or Fannie Mae). Here, the district court concluded the Federal Foreclosure Bar did not apply because appellant failed to prove that Fannie Mae owned the loan secured by the first deed of trust and that appellant's assertion of the Federal Foreclosure Bar was untimely. For the reasons stated below, we disagree.

As to the timeliness of appellant's assertion of the Federal Foreclosure Bar, it timely raised the law as an affirmative defense in its answer to respondent's complaint. As an affirmative defense, appellant's

20-22872

assertion is not subject to a statute of limitations. *See Dredge Corp. v. Wells Cargo, Inc.*, 80 Nev. 99, 102, 389 P.2d 394, 396 (1964) ("Limitations do not run against defenses."); *see also City of Saint Paul, Alaska v. Evans*, 344 F.3d 1029, 1033-34 (9th Cir. 2003) (examining "the interplay between statutes of limitations and defenses" and concluding that such limitations do not apply to defenses because "[w]ithout this exception, potential plaintiffs could simply wait until all available defenses are time barred and then pounce on the helpless defendant").

As to proof of Fannie Mae's ownership of the loan, we have concluded that evidence similar to what appellant introduced at trial satisfied NRS 51.135's standard for admissibility and was sufficient to establish that Fannie Mae owned the subject loan. *Daisy Tr. v. Wells Fargo Bank, N.A.*, 135 Nev. 230, 234-35, 445 P.3d 846, 850-51 (2019). We have also rejected any argument that Nevada law requires Fannie Mae to publicly record its ownership interest in the subject loan. *Id.* at 233-34, 445 P.3d at 849. And, in *Nationstar Mortgage, LLC v. SFR Investments Pool 1, LLC*, 133 Nev. 247, 250-51, 396 P.3d 754, 757-58 (2017), this court held, contrary to respondent's appellate argument, that loan servicers such as appellant have standing to assert the Federal Foreclosure Bar on behalf of Freddie Mac or Fannie Mae.

Respondent contends that it is protected as a bona fide purchaser from the Federal Foreclosure Bar's effect. But we have already concluded that an HOA foreclosure sale purchaser's putative status as a bona fide purchaser is inapposite when the Federal Foreclosure Bar applies because Nevada law does not require Freddie Mac (or in this case Fannie Mae) to publicly record its ownership interest in the subject loan. *Daisy Tr.*, 135 Nev. at 234, 445 P.3d at 849. And we decline appellant's invitation to imply Fannie Mae's consent to the foreclosure sale. *See Christine View*, 134

SUPREME COURT
OF
NEVADA

(O) 1947A

2

Nev. at 274, 417 P.3d at 368 (recognizing that Fannie Mae must give affirmative consent to a foreclosure under the Federal Foreclosure Bar).

In light of the foregoing, the district court's conclusions that the Federal Foreclosure Bar did not apply and that the HOA's foreclosure sale extinguished the deed of trust were erroneous. And, in the absence of contrary evidence, we reverse and remand this matter for the district court to enter judgment in favor of appellant. *See id.* at 272-74, 417 P.3d at 367-68; *Pink v. Busch*, 100 Nev. 684, 691, 691 P.2d 456, 461 (1984) ("[U]pon reversal, where the material facts have been fully developed at trial and are undisputed such that the issues remaining are legal rather than factual, we will . . . remand the case to the lower court with directions to enter judgment in accordance with [our order].").

It is so ORDERED.[1]

_____ Pickering, C.J.
Pickering

_____ J.
Gibbons

_____ J.
Hardesty

_____ J.
Parraguirre

_____ J.
Stiglich

_____ J.
Cadish

_____ J.
Silver

_____

[1]Based on this conclusion, we need not address appellant's argument that it was entitled to equitable relief.

cc: Hon. Linda Marie Bell, Chief Judge
Akerman LLP/Las Vegas
Law Offices of Michael F. Bohn, Ltd.
Fennemore Craig P.C./Reno
Arnold & Porter Kaye Scholer LLP/Washington DC
Eighth District Court Clerk