IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| SFR INVESTMENTS POOL 1, LLC, A DOMESTIC LIMITED-LIABILITY COMPANY,<br>Appellant,<br>vs.<br>CARRINGTON MORTGAGE SERVICES, LLC,<br>Respondent. | No. 76614 |

FILED

SEP 18 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court amended final judgment following a bench trial in an action to quiet title. Eighth Judicial District Court, Clark County; Richard Scotti, Judge. We review the district court's factual findings for substantial evidence and its legal conclusions de novo, *Weddell v. H2O, Inc.*, 128 Nev. 94, 101, 271 P.3d 743, 748 (2012), and affirm.[1]

The district court correctly determined that respondent's predecessor (through Miles Bauer) tendered $711 to the HOA's agent, which represented 9 months of assessments. *See Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev. 604, 606, 427 P.3d 113, 117 (2018) (stating that, as explained in prior decisions, "[a] plain reading of [NRS 116.3116(2) (2012)] indicates that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid [common expense] assessments"). The tender of the defaulted superpriority portion of the HOA's lien cured the default as to that portion

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-34496

of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust. *Id.* at 606-09, 427 P.3d at 118-21.

We are not persuaded by appellant's argument that respondent is time-barred from asserting that Miles Bauer's tender preserved its deed of trust. Appellant has not provided any authority to support the proposition that "tender" is a claim or cause of action to which a limitations period would apply, *see Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (observing that it is an appellant's responsibility to cite authority in support of arguments), nor is any authority self-evident. Moreover, respondent asserted "tender" as an affirmative defense to appellant's claims, and this court has recognized that "[l]imitations do not run against defenses." *Dredge Corp. v. Wells Cargo, Inc.*, 80 Nev. 99, 102, 389 P.2d 394, 396 (1964).

Alternatively, the district court determined in its amended judgment that even if NRS 11.090(3)(a)'s 3-year limitation period governed respondent's tender "claim," respondent's June 2017 amended answer should relate back to its predecessor's May 2015 answer. Given that the May 2015 answer asserted tender as an affirmative defense, we are not persuaded that the district court committed reversible error in this respect. *Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) (recognizing that this court may affirm the district court on any ground supported by the record). Although tender was not specifically asserted as a defense against appellant in the May 2015 answer, the answer was nevertheless served on appellant such that appellant was sufficiently apprised of the defense. NRCP 15(c) (2005) ("Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the

original pleading, the amendment relates back to the date of the original pleading."). In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.        _____, J.
Hardesty                           Cadish


cc:    Hon. Richard Scotti, District Judge
       Eleissa C. Lavelle, Settlement Judge
       Kim Gilbert Ebron
       Akerman LLP/Las Vegas
       Eighth District Court Clerk