IN THE SUPREME COURT OF THE STATE OF NEVADA

SATICOY BAY LLC SERIES 4952
MINERS RIDGE,
Appellant,
vs.
U.S. BANK, N.A.,
Respondent.

No. 78601

FILED

NOV 13 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; James Crockett, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.* 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

In *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Ass'n*, 134 Nev. 270, 272-74, 417 P.3d 363, 367-68 (2018) (*Christine View*), this court held that 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar) preempts NRS 116.3116 and prevents an HOA foreclosure sale from extinguishing a first deed of trust when the subject loan is owned by the Federal Housing Finance Agency (or when the FHFA is acting as conservator of a federal entity such as Freddie Mac or Fannie Mae). And in *Nationstar Mortgage, LLC v. SFR Investments Pool 1, LLC*,

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

SUPREME COURT
OF
NEVADA

(O) 1947A

20-41532

133 Nev. 247, 250-51, 396 P.3d 754, 757-58 (2017), this court held that loan servicers such as respondent have standing to assert the Federal Foreclosure Bar on behalf of Freddie Mac or Fannie Mae. Consistent with these decisions, the district court correctly determined that respondent had standing to assert the Federal Foreclosure Bar on Freddie Mac's behalf and that the foreclosure sale did not extinguish the first deed of trust because Freddie Mac owned the secured loan at the time of the sale.

Appellant contends that it is protected as a bona fide purchaser from the Federal Foreclosure Bar's effect.[2] But we have held that an HOA foreclosure sale purchaser's putative status as a bona fide purchaser is inapposite when the Federal Foreclosure Bar applies because Nevada law does not require Freddie Mac to publicly record its ownership interest in the subject loan. *Daisy Tr. v. Wells Fargo Bank, N.A.*, 135 Nev. 230, 233-34, 445 P.3d 846, 849 (2019). Appellant also challenges the sufficiency and admissibility of respondent's evidence demonstrating Freddie Mac's interest in the loan and respondent's status as the loan's servicer, but we have rejected similar arguments with respect to similar evidence.[3] *Id.* at 234-36, 445 P.3d at 850-51.

[2]Appellant's reliance on *Shadow Wood Homeowners Ass'n v. New York Community Bancorp, Inc.*, 132 Nev. 49, 366 P.3d 1105 (2016), is misplaced because the district court did not grant respondent equitable relief. Rather, the district court determined that the deed of trust survived the foreclosure sale by operation of law (i.e., the Federal Foreclosure Bar).

[3]To the extent appellant has raised arguments that were not explicitly addressed in *Daisy Trust*, none of those arguments convince us that the district court abused its discretion in admitting respondent's evidence or that respondent failed to demonstrate Freddie Mac's ownership. 135 Nev.

Appellant further contends that respondent was time-barred from asserting the Federal Foreclosure Bar. Because respondent asserted the Federal Foreclosure Bar as an affirmative defense, respondent's assertion was not subject to any limitations period. *See Dredge Corp. v. Wells Cargo, Inc.*, 80 Nev. 99, 102, 389 P.2d 394, 396 (1964) ("Limitations do not run against defenses."); *see also City of Saint Paul, Alaska v. Evans*, 344 F.3d 1029, 1033-34 (9th Cir. 2003) (examining "the interplay between statutes of limitations and defenses" and concluding that such limitations do not apply to defenses because "[w]ithout this exception, potential plaintiffs could simply wait until all available defenses are time barred and then pounce on the helpless defendant"). Even if it were subject to a limitations period, respondent timely asserted the Federal Foreclosure Bar within six years of the HOA's foreclosure sale. *See JPMorgan Chase Bank, National Ass'n v. SFR Investments Pool 1, LLC*, 136 Nev., Adv. Op. 68 (2020) (holding that 12 U.S.C. § 4617(b)(12)'s six-year limitation period applies to any action brought to enforce the Federal Foreclosure Bar). Accordingly, the district court correctly determined that respondent's assertion was not time-barred.[4] *Cf. Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) (recognizing that this court will affirm the district court's decision if it reached the right result, albeit for the wrong

at 234, 445 P.3d at 850 (recognizing that this court reviews a district court's decision to admit evidence for an abuse of discretion).

[4]To the extent appellant is arguing that respondent needed to assert the Federal Foreclosure Bar in the form of a counterclaim, we are not persuaded by that argument.

reason). The district court correctly determined that appellant took title to the property subject to the first deed of trust. We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Hon. James Crockett, District Judge
Law Offices of Michael F. Bohn, Ltd.
Tiffany & Bosco, P. A.
Fennemore Craig P.C./Reno
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A