IN THE SUPREME COURT OF THE STATE OF NEVADA

RESIDENTIAL CREDIT SOLUTIONS, INC.; AND FEDERAL NATIONAL MORTGAGE ASSOCIATION, Appellants,
vs.
SFR INVESTMENTS POOL 1, LLC, A NEVADA LIMITED LIABILITY COMPANY, Respondent.

No. 79306

FILED

NOV 13 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court final judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Susan Johnson, Judge.[1]

The district court initially granted summary judgment for appellants, reasoning consistent with this court's opinion in *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Ass'n*, 134 Nev. 270, 272-74, 417 P.3d 363, 367-68 (2018), that 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar) preempted NRS 116.3116 and prevented the HOA's foreclosure sale from extinguishing the first deed of trust. However, the district court granted respondent's motion for reconsideration and entered judgment for respondent, reasoning that 12 U.S.C. § 4617(b)(12)'s three-year limitation period applies to actions to

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-41514

enforce the Federal Foreclosure Bar. The district court erred. Because appellants asserted the Federal Foreclosure Bar as an affirmative defense, their assertion was not subject to any limitations period. *See Dredge Corp. v. Wells Cargo, Inc.*, 80 Nev. 99, 102, 389 P.2d 394, 396 (1964) ("Limitations do not run against defenses."); *see also City of Saint Paul, Alaska v. Evans*, 344 F.3d 1029, 1033-34 (9th Cir. 2003) (examining "the interplay between statutes of limitations and defenses" and concluding that such limitations do not apply to defenses because "[w]ithout this exception, potential plaintiffs could simply wait until all available defenses are time barred and then pounce on the helpless defendant"). Even if it were subject to a limitations period, appellants timely asserted the Federal Foreclosure Bar within six years of the HOA's foreclosure sale.[2] *See JPMorgan Chase Bank, National Ass'n v. SFR Investments Pool 1, LLC*, 136 Nev., Adv. Op. 68 (2020) (holding that 12 U.S.C. § 4617(b)(12)'s six-year limitation period applies to any action brought to enforce the Federal Foreclosure Bar). Accordingly, appellants were entitled to a judgment that respondent took title to the property subject to the deed of trust, as they presented evidence demonstrating Fannie Mae's ownership of the secured loan similar to the

---

[2]Respondent refers to appellants' invocation of the Federal Foreclosure Bar as an "unpled claim." To the extent respondent is suggesting that appellants needed to invoke the Federal Foreclosure Bar in the form of a counterclaim instead of as an affirmative defense, we are not persuaded.

evidence this court deemed sufficient in *Daisy Trust v. Wells Fargo Bank, N.A.*, 135 Nev. 230, 234-36, 445 P.3d 846, 850-51 (2019).[3]

We are not persuaded by respondent's arguments that the district court abused its discretion in denying respondent's motion to strike appellants' evidence that Fannie Mae owned the loan, as respondent could have alleviated any alleged prejudice by asking to reopen discovery or requesting supplemental briefing. *See Thomas v. Hardwick*, 126 Nev. 142, 152-54, 231 P.3d 1111, 1118 (2010) (reviewing for an abuse of discretion a district court's denial of a motion to strike evidence); *see also* NRCP 37(c)(1) (2005) (recognizing that a party is prohibited from "us[ing] as evidence . . . any witness or information not so disclosed . . . unless such failure is harmless"); NRCP 16.1(e)(3)(B) (2005) (providing for discretionary exclusion of evidence under similar circumstances if an attorney "fails to reasonably comply with any provision of [NRCP 16.1]"). Relatedly, we are not persuaded by respondent's contention that Fannie Mae's failure to respond to respondent's requests for admissions should be deemed an admission that Fannie Mae had no ownership in the secured loan. *Cf.* NRCP 36(a) (2005) ("The matter is deemed admitted unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or

---

[3]Respondent contends that a June 2013 affidavit recorded by Residential Credit Solutions creates a genuine issue of material fact regarding Fannie Mae's ownership of the loan. We decline to consider this argument because it was not raised below. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

objection addressed to the matter . . . ."). In particular, the identical requests for admission were served on Residential Credit Solutions, which responded to the requests by indicating that Fannie Mae *did* have an ownership interest in the secured loan.[4] In light of the foregoing, appellants were entitled to summary judgment, and we therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:  Hon. Susan Johnson, District Judge
     Wright, Finlay & Zak, LLP/Las Vegas
     Kim Gilbert Ebron
     Eighth District Court Clerk

---

[4]Residential Credit Solutions and Fannie Mae were and are represented by the same counsel, and respondent does not explain what would be accomplished by requiring counsel to submit duplicative responses to the same requests for admission.

SUPREME COURT
OF
NEVADA

(O) 1947A