# IN THE SUPREME COURT OF THE STATE OF NEVADA

TRP FUND VI, LLC,
Appellant,
vs.
DITECH FINANCIAL LLC, F/K/A
GREEN TREE LOAN SERVICING LLC,
Respondent.

No. 80412

**FILED**

MAR 09 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.* 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

Appellant first challenges the district court's summary judgment by disputing whether respondent proved that Fannie Mae had an interest in the property that was subject to 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar). In particular, appellant contends that Fannie Mae had to record its interest when it acquired the loan secured by the deed of trust in 2005 because Fannie Mae was not yet under the conservatorship of the Federal Housing Finance Agency (FHFA). From there, appellant reasons that the Federal Foreclosure Bar was not yet in effect and could not have preempted Nevada's recording statutes. But appellant misreads our decision in *Daisy Trust v. Wells Fargo Bank, N.A.*, 135 Nev. 230, 445 P.3d 846 (2019). We did not hold in Daisy Trust that the Federal Foreclosure

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

21-06835

Bar preempts Nevada's recording statutes; rather, we determined that the recording statutes simply do not apply to the situation at issue here where a regulated entity owns the loan and its agent is the beneficiary of the recorded deed of trust. 135 Nev. at 234, 445 P.3d at 849 (specifically noting that, in light of its disposition, this court "need not address Freddie Mac's argument that the Federal Foreclosure Bar preempts Nevada's recording statutes"). Accordingly, appellant's first argument does not warrant reversal.

Appellant next contends that respondent was time-barred from asserting the Federal Foreclosure Bar. But because respondent asserted the Federal Foreclosure Bar as an affirmative defense, respondent's assertion was not subject to any limitations period. *See Dredge Corp. v. Wells Cargo, Inc.*, 80 Nev. 99, 102, 389 P.2d 394, 396 (1964) ("Limitations do not run against defenses."); *see also City of Saint Paul, Alaska v. Evans*, 344 F.3d 1029, 1033-34 (9th Cir. 2003) (examining "the interplay between statutes of limitations and defenses" and concluding that such limitations do not apply to defenses because "[w]ithout this exception, potential plaintiffs could simply wait until all available defenses are time barred and then pounce on the helpless defendant").

Even if assertion of the Federal Foreclosure Bar were subject to a limitations period, respondent's amended answer timely asserted the Federal Foreclosure Bar within six years of the HOA's foreclosure sale. *See JPMorgan Chase Bank, National Ass'n v. SFR Investments Pool 1, LLC*, 136 Nev., Adv. Op. 68, 475 P.3d 52, 57 (2020) (holding that 12 U.S.C. § 4617(b)(12)'s six-year limitation period applies to any action brought to enforce the Federal Foreclosure Bar). Accordingly, the district court

correctly determined that respondent's assertion was not time-barred. We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc: Hon. Nancy L. Allf, District Judge
Hong & Hong
Wolfe & Wyman LLP
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A