# IN THE SUPREME COURT OF THE STATE OF NEVADA

FERRELL STREET TRUST,
Appellant,
vs.
BANK OF AMERICA, N.A.; AND
RECONTRUST COMPANY, N.A.,
Respondents.

No. 78691

**FILED**

MAR 09 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a summary judgment in an action to quiet title.[1] Eighth Judicial District Court, Clark County; James Crockett, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.

In *Bank of America, N.A. v. SFR Investments Pool 1, LLC*, 134 Nev. 604, 606-08, 427 P.3d 113, 117-18 (2018), we held that "[a] valid tender of payment operates to discharge a lien," and that a deed of trust holder's tender may include conditions on which it has a right to insist. We further held that a deed of trust holder is not required to record notice of its tender under NRS 111.315, that the tender cures the delinquency by operation of law, and that a subsequent purchaser is not protected after a valid tender. *Id.* at 609-10, 612, 427 P.3d at 119-20, 121. We have also held that statutes of limitation do not run against defenses such as tender. *Dredge Corp. v. Wells Cargo, Inc.*, 80 Nev. 99, 102, 389 P.2d 394, 396 (1964); *see also City of Saint Paul v. Evans*, 344 F.3d 1029, 1033-34 (9th Cir. 2003) (concluding that statutes of limitation do not apply to defenses because a defendant would

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

21-06842

otherwise be at the mercy of a plaintiff filing a lawsuit before the relevant period ended). Consistent with these decisions, we reject appellant's arguments regarding respondent Bank of America, N.A.'s tender and conclude that the district court correctly determined that the Bank's tender successfully discharged the HOA's superpriority lien and preserved the Bank's deed of trust. As to appellant's argument that the HOA agent rejected the tender in good faith, we conclude that because the tender cures the delinquency by operation of law, the HOA agent's subjective belief that the tender is insufficient is irrelevant.[2] *See Bank of America, N.A*, 134 Nev. at 610, 427 P.3d at 120.

Appellant also argues that an HOA is entitled to multiple superpriority liens, and that the Bank's tender was ineffective because it was intended to satisfy the HOA's 2009 superpriority lien, while the HOA ultimately foreclosed on a 2010 superpriority lien. In a prior appeal from a summary judgment in appellant's favor, this court concluded that there was a genuine issue of material fact as to the effect of the Bank's tender where the HOA had placed two liens on the property, the second one recorded about two months after the Bank's tender. *Bank of Am., N.A. v. Ferrell St. Tr.*, Docket No. 70299 (Order Affirming in Part, Reversing in Part, and Remanding, April 27, 2018). On remand, the district court found that the 2010 lien was recorded before the HOA released the 2009 lien and included amounts that made up part of the 2009 lien. Based on those findings, the district court determined that the 2010 lien was invalid. We agree with the

---

[2]Because the tender discharged the lien by operation of law, we need not address the parties' arguments regarding equitable relief.

district court.[3] *See Prop. Plus Invs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 133 Nev. 462, 466-67, 401 P.3d 728, 731-32 (2017) (recognizing that the law permitted the HOA to record a second superpriority lien where it rescinded the previous superpriority lien before recording the second and where the second lien only included amounts *"accruing after the rescission of the previous superpriority lien"* (emphasis added)). Thus, the district court correctly found that the 2010 lien's foreclosure did not affect the Bank's deed of trust, which remained a valid encumbrance on the property. We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc:　Hon. James Crockett, District Judge
　　Law Offices of Michael F. Bohn, Ltd.
　　Akerman LLP/Las Vegas
　　Eighth District Court Clerk

---

[3]Despite appellant's argument to the contrary, the record supports the district court's finding that the 2010 lien included amounts upon which the HOA instituted foreclosure proceedings on the 2009 lien.