IN THE SUPREME COURT OF THE STATE OF NEVADA

GUBERLAND LLC-SERIES 3,
Appellant,
vs.
NATIONSTAR MORTGAGE, LLC,
Respondent.

No. 81663

FILED

SEP 1 6 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment, certified as final under NRCP 54(b), in an action to quiet title. Eighth Judicial District Court, Clark County; James Crockett, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

The district court granted summary judgment for respondent Nationstar Mortgage, concluding that Nationstar produced evidence showing that Fannie Mae owned the loan secured by the first deed of trust, such that 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar) prevented the HOA's foreclosure sale from extinguishing the deed of trust. *Cf. Saticoy Bay LLC Series 9641 Christine View v. Fed. Nat'l Mortg. Ass'n*, 134 Nev. 270, 272-74, 417 P.3d 363, 367-68 (2018) (holding that the Federal Foreclosure Bar preempts NRS 116.3116 and prevents an HOA foreclosure sale from extinguishing a first deed of trust when the subject loan is owned

_____

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

21-26901

by the Federal Housing Finance Agency (or when the FHFA is acting as conservator of a federal entity such as Freddie Mac or Fannie Mae)); *Nationstar Mortg., LLC v. SFR Invs. Pool 1, LLC*, 133 Nev. 247, 250-51, 396 P.3d 754, 757-58 (2017) (holding that loan servicers such as Nationstar have standing to assert the Federal Foreclosure Bar on behalf of Freddie Mac or Fannie Mae).

Appellant Guberland contends that Nationstar's evidence demonstrating Fannie Mae's ownership of the loan was inadmissible and unreliable.[2] However, the evidence at issue here is substantively identical to the evidence we considered in *Daisy Trust v. Wells Fargo Bank, N.A.*, 135 Nev. 230, 233-34, 445 P.3d 846, 849 (2019), which rejected Guberland's arguments either expressly or by necessary implication.[3]

Guberland also contends that Nationstar waived the Federal Foreclosure Bar by not timely asserting it. Relatedly, Guberland contends that Nationstar was barred by the statute of limitations from asserting the Federal Foreclosure Bar. We disagree with both contentions. Guberland's first contention is barred by the law-of-the-case doctrine in light of this

---

[2]Guberland's primary argument in this respect is that Fannie Mae's computer printouts show that Aurora Bank FSB sold the subject loan to Fannie Mae in 2008 but that Aurora was not assigned the deed of trust until 2011. We decline to consider this argument because it was not raised in district court. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

[3]*Daisy Trust* was decided almost one year before Guberland filed its summary judgment opposition and roughly one-and-a-half years before Guberland filed its opening brief on appeal. Neither of these filings reference *Daisy Trust*, much less explain why *Daisy Trust* is distinguishable from this case.

court's previous disposition wherein we held that Nationstar *did not* waive the Federal Foreclosure Bar. *See Nationstar Mortg., LLC v. Guberland LLC-Series 3*, Docket No. 70546 (Order Vacating Judgment and Remanding, June 15, 2018, at *3) ("[W]e cannot agree with the district court that Nationstar was precluded from raising the Federal Foreclosure Bar in its countermotion for summary judgment."); *see also Recontrust Co. v. Zhang*, 130 Nev. 1, 7-8, 317 P.3d 814, 818 (2014) ("The law-of-the-case doctrine refers to a family of rules embodying the general concept that a court involved in later phases of a lawsuit should not re-open questions decided (i.e., established as law of the case) by that court or a higher one in earlier phases." (internal quotation marks omitted)).

Assuming that Nationstar had to assert the Federal Foreclosure Bar as an affirmative defense,[4] Guberland's second contention also fails because Nationstar's assertion was not subject to any limitations period. *See Dredge Corp. v. Wells Cargo, Inc.*, 80 Nev. 99, 102, 389 P.2d 394, 396 (1964) ("Limitations do not run against defenses."); *see also City of Saint Paul, Alaska v. Evans*, 344 F.3d 1029, 1033-34 (9th Cir. 2003) (examining "the interplay between statutes of limitations and defenses" and concluding

---

[4]Although we need not reach the issue, the law-of-the-case doctrine likely foreclosed such a requirement in this case. *See Nationstar*, Docket No. 70546 (Order Vacating Judgment and Remanding, June 15, 2018, at *2-3) (concluding by necessary implication that Nationstar properly asserted the Federal Foreclosure Bar in its summary judgment motion); *Recontrust Co.*, 130 Nev. at 7-8, 317 P.3d at 818 ("[F]or the law-of-the-case doctrine to apply, the appellate court must actually address and decide the issue explicitly or by necessary implication." (internal quotation marks omitted)).

that such limitations do not apply to defenses because "[w]ithout this exception, potential plaintiffs could simply wait until all available defenses are time barred and then pounce on the helpless defendant"). Consistent with the foregoing, we

ORDER the judgment of the district court AFFIRMED.[5]

_____, C.J.
Hardesty

_____, J.            _____, Sr.J.
Stiglich                                                       Gibbons

cc:     Chief Judge, Eighth Judicial District Court
        Department 24, Eighth Judicial District Court
        The Medrala Law Firm, Prof. LLC
        Akerman LLP/Las Vegas
        Fennemore Craig P.C./Reno
        Eighth District Court Clerk

---

[5]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.