# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| LAS VEGAS DEVELOPMENT GROUP, LLC, A NEVADA LIMITED LIABILITY COMPANY, Appellant, vs. THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2006-7, A NATIONAL BANKING ASSOCIATION, Respondent. | No. 81961 |



FILED

FEB 17 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

| | |
|---|---|
| LAS VEGAS DEVELOPMENT GROUP, LLC, A NEVADA LIMITED LIABILITY COMPANY, Appellant, vs. THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2006-7, A NATIONAL BANKING ASSOCIATION, Respondent. | No. 82266 |

## *ORDER OF AFFIRMANCE*

These are consolidated appeals from a district court judgment following a bench trial in an action to quiet title (Docket No. 81961) and a post-judgment award of attorney fees and costs (Docket No. 82266). Eighth

 

22-05368

Judicial District Court, Clark County; Mark R. Denton, Judge. We review the district court's factual findings for substantial evidence and its legal conclusions de novo, *Weddell v. H2O, Inc.*, 128 Nev. 94, 101, 271 P.3d 743, 748 (2012), and affirm.[1]

The district court determined that the HOA's 2011 foreclosure sale did not extinguish the first deed of trust because, among other reasons, respondent's predecessor (via the predecessor's agent, Miles Bauer) was excused from making a superpriority tender.[2] In so doing, it determined that respondent was not time-barred from asserting its "tender" defense because statutes of limitations do not apply to affirmative defenses.

Appellant contends that "Nevada law specifically provides for various statutory presumptions that favor buyers at foreclosure sales" and that "[i]f an interested lien holder disputes these presumptions, it is required to timely file an action within the appropriate period of limitations to prove that its interest was unaffected for some reason." From this,

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]In so doing, the district court determined that Miles Bauer's actual tender, which equaled nine months' worth of HOA dues, did not satisfy the superpriority portion of the HOA's lien because the HOA imposed its dues on an annual basis. We have since held that a nine-month tender satisfies the superpriority portion of an HOA's lien even when dues are imposed annually, *Anthony S. Noonan IRA, LLC v. U.S. Bank Nat'l Ass'n EE*, 137 Nev., Adv. Op. 15, 485 P.3d 206, 209 (2021), and we therefore conclude that Miles Bauer's actual tender was sufficient to cure the superpriority default, *cf. Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) (recognizing that this court may affirm the district court on any ground supported by the record, even if not relied upon by the district court).

appellant appears to contend that an "affirmative defense" such as tender necessarily is "nothing more than a time-barred claim masquerading as a defense," such that this court should either ignore or overturn our longstanding holding that "[l]imitations do not run against defenses," *Dredge Corp. v. Wells Cargo, Inc.*, 80 Nev. 99, 102, 389 P.2d 394, 396 (1964).

We decline to do so, at least under the facts of this case. Contrary to appellant's contention, there is no Nevada law providing a presumption that an HOA foreclosure sale has extinguished a first deed of trust. Appellant is correct insofar as it observes that a presumption exists in favor of the record title holder, *see Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev. 740, 746, 405 P.3d 641, 646 (2017) (citing *Breliant v. Preferred Equities Corp.*, 112 Nev. 663, 669, 918 P.2d 314, 318 (1996)), and that NRS 116.31166(1) (1993) provides for various presumptions when a foreclosure deed contains certain recitals.[3] However, a superpriority tender does not conflict with any of those presumptions, as respondent was not seeking to question the validity of appellant's title to the subject property but was simply asserting that appellant's title remained subject to the first deed of trust as a matter of

_____

[3]Appellant also relies on this court's seminal opinion in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 758, 334 P.3d 408, 419 (2014), wherein we held that "NRS 116.3116(2) gives an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust." We do not construe this holding as standing for a *presumption* that an HOA foreclosure sale has extinguished a first deed of trust. *See Liu v. Christopher Homes, LLC*, 130 Nev. 147, 151, 321 P.3d 875, 877 (2014) (reviewing de novo the interpretation of this court's previous dispositions).

law.[4] *See Saticoy Bay LLC Series 133 McLaren v. Green Tree Servicing LLC,* 136 Nev., Adv. Op. 85, 478 P.3d 376, 379 (2020) ("While a court's authority to look beyond a foreclosure deed in a quiet title action is an inherent equitable power, a valid tender cures a default *'by operation of law'*—that is, without regard to equitable considerations." (internal citation omitted)); *cf. Bank of Am., N.A. v. SFR Invs. Pool 1, LLC,* 134 Nev. 604, 611, 427 P.3d 113, 120-21 (2018) (rejecting the notion that a deed of trust beneficiary must file a court action to validate a tender).

Thus, at least under the facts of this case, we are not persuaded that there were any common-law or statutory presumptions that obligated respondent to proactively assert a quiet title claim. Accordingly, respondent timely asserted "tender" as an affirmative defense, *see Dredge Corp.,* 80 Nev. at 102, 389 P.2d at 396, and the district court correctly determined the assertion of that defense was not time-barred, *cf. Holcomb Condos. Homeowners' Ass'n v. Stewart Venture, LLC,* 129 Nev. 181, 186-87, 300 P.3d 124, 128 (2013) ("[T]he application of the statute of limitations is a question of law that this court reviews de novo.").

In light of the foregoing, we affirm the district court's judgment in Docket No. 81961. And because appellant's argument for reversing the attorney fee and cost award in Docket No. 82266 is premised solely on the

---

[4]In this respect, we note that the subpriority portion of the HOA's lien remained in default even after the superpriority default was cured, meaning that the foreclosure deed's recitation of there being a "default" remained accurate. Relatedly, the foreclosure deed's recitals made no representation regarding whether a superpriority tender had been made.

propriety of the judgment challenged in Docket No. 81961, we necessarily affirm that award as well.

It is so ORDERED.[5]

_____, C.J.
Parraguirre

_____, J.         _____, Sr. J.
Hardesty                                          Gibbons

cc:    Hon. Mark R. Denton, District Judge
       Stephen E. Haberfeld, Settlement Judge
       Roger P. Croteau & Associates, Ltd.
       Akerman LLP/Las Vegas
       Eighth District Court Clerk

---

[5]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.