# IN THE SUPREME COURT OF THE STATE OF NEVADA

7963 LAURENA AVENUE TRUST,
Appellant,
vs.
THE BANK OF NEW YORK MELLON,
F/K/A THE BANK OF NEW YORK, AS
TRUSTEE FOR THE
CERTIFICATEHOLDERS CWABS,
INC., ASSET-BACKED CERTIFICATES,
SERIES 2005-AB4,
Respondent.

No. 81240

FILED

FEB 17 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment, certified as final under NRCP 54(b), in an action to quiet title. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge.[1]

The district court determined that the HOA's 2013 foreclosure sale did not extinguish the first deed of trust because respondent's agent made a superpriority tender. In so doing, the district court presumably determined that respondent's 2017 counterclaims for quiet title and declaratory relief were timely under NRS 11.080's five-year limitations period.

Having considered the parties' arguments and the record, we conclude that the district court properly granted summary judgment for respondent, albeit for a different reason. *Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) (recognizing that this court may affirm the district court on any ground supported by the

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

22-05366

record, even if not relied upon by the district court). In particular, respondent asserted tender as an affirmative defense in its March 2019 answer to appellant's complaint in intervention. Statutes of limitations do not run against affirmative defenses. *See Dredge Corp. v. Wells Cargo, Inc.*, 80 Nev. 99, 102, 389 P.2d 394, 396 (1964) ("Limitations do not run against defenses."); *see also City of Saint Paul, Alaska v. Evans*, 344 F.3d 1029, 1033-34 (9th Cir. 2003) (examining "the interplay between statutes of limitations and defenses" and concluding that such limitations do not apply to defenses because "[w]ithout this exception, potential plaintiffs could simply wait until all available defenses are time barred and then pounce on the helpless defendant"). Accordingly, respondent was not time-barred under any applicable limitations period from asserting tender.[2]

Appellant additionally contends that the district court improperly granted respondent equitable relief and, relatedly, that the HOA sale purchaser was protected as a bona fide purchaser because evidence of the tender was not publicly recorded. However, we recently reiterated that those arguments are inapposite because a superpriority tender preserves a first deed of trust as a matter of law and does not constitute a "conveyance" that needs to be recorded. *See Saticoy Bay LLC Series 133 McLaren v. Green Tree Servicing LLC*, 136 Nev., Adv. Op. 85, 478 P.3d 376, 379 (2020) ("While a court's authority to look beyond a foreclosure deed in a quiet title action is an inherent equitable power, a valid tender cures a default '*by operation of law*'—that is, without regard to equitable

---

[2]To the extent appellant is suggesting that respondent needed to assert "tender" in the form of "an affirmative claim for relief" instead of as an affirmative defense, we are not persuaded. As explained below, respondent was not seeking equitable relief by virtue of arguing that the superpriority tender preserved the first deed of trust.

considerations." (internal citation omitted))[3]; *id.* (rejecting the argument that evidence of a tender needs to be recorded because "[t]endering the superpriority portion of an HOA lien does not create, alienate, *assign*, or surrender an interest in land." (quoting *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev. 604, 609, 427 P.3d 113, 119 (2018))). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[4]

_____, C.J.
Parraguirre

_____, J.          _____, Sr.J.
Hardesty                                              Gibbons

cc:     Hon. Timothy C. Williams, District Judge
        TRILAW
        Law Offices of Michael F. Bohn, Ltd.
        Wolfe & Wyman LLP
        Akerman LLP/Las Vegas
        Eighth District Court Clerk

---

[3]In this regard, and as appellant acknowledges in its reply brief, the subpriority portion of an HOA's lien remains in default even after the superpriority default has been cured, meaning that the foreclosure deed's recitation of there being a "default" remains accurate.

[4]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.